## Williams v. Commonwealth.
(Decided Sept. 23, 1910.)

### Appeal from Magoffin Circuit Court.

1. Malicious Cutting—Verdict—Omission of Word "Guilty"—Effect.—On the trial of one indicted for maliciously cutting another with intent to kill, the jury rendered this verdict: "We, the jury, do agree and find the defendant one hundred dollars and six months in jail and work." Held, that the failure of the jury to say in the verdict that defendant was "guilty" did not render the judgment of conviction invalid.

2. Defective Verdict—Failure to Object—Waiver.—The rule is well settled in this state that if a verdict is not as specific as desired the correct practice is, before the jury is discharged to have them reform it. Allowing a jury to be discharged without objection and without a motion to have them correct or extend their verdict, will be deemed a waiver of formal defects in it.

R. H. COOPER and J. H. SUBLETT for appellants.

JAMES BREATHITT, Attorney General and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellant, S. S. Williams, was indicted by the grand jury of Magoffin county, for the crime of willful and ma-

licious cutting and wounding with intent to kill. He was tried at the June term, 1910, of the Magoffin circuit court. The jury returned the following verdict: "We the jury do agree and find the defendant one hundred and fifty dollars and six months in jail and work." Upon the return of this verdict the trial judge entered judgment in favor of the Commonwealth for one hundred and fifty dollars and its costs, and directed that appellant be confined in the county jail for the period of six months, and that if the fine was not immediately paid or replevied, he was to be placed at hard labor on the public highway. Subsequently appellant filed a motion to set aside the aforesaid judgment on the ground that it was not supported by the verdict. This the trial court declined to do, but modified the judgment so as to relieve appellant of the work penalty. From the order so entered, this appeal is prosecuted.

It is insisted by counsel for appellant that the verdict is fatally defective because the jury failed to find the defendant guilty. While the verdict is informal and not strictly correct, according to the provision of section 257 of the Criminal Code, we conclude that it would be highly technical to hold that the failure of the jury to say in its verdict that appellant was guilty rendered the judgment of conviction invalid. Under the instructions of the court the jury could not fix appellant's punishment without finding him guilty. Therefore, when they in their verdict fixed his punishment at a fine and imprisonment, they in effect found him guilty as charged in the indictment. The rule is well settled in this State that, if a verdict is not as specific as desired, the correct practice is then and there, before the jury is discharged, to have them reform it. Allowing the jury to be discharged without objection, and without motion to have them correct or extend their verdict, will be deemed a waiver of formal defects in it. And it must then affirmatively appear that the substantial rights of the accused have been prejudiced by the informality. The presumption will not be indulged that his rights were prejudiced. (Gillum v. Commonwealth, 121 S. W. 445.)

In this case appellant's counsel made no motion to reform or make the verdict more specific. He permitted the jury to be discharged, and several days later made the motion to have the judgment set aside. That being the case, he waived the formal defects of the verdict.

As the verdict plainly indicated that the jury had found appellant guilty, his substantial rights were not prejudiced by the informality of the verdict.

Appellant can not complain of the fact that the judgment was modified so as to relieve him of the penalty of hard labor; this was to his advantage.

Judgment affirmed.