### Lykins v. W. H. Hamrick and John Hamrick,

(Decided June 6, 1911.)

### Appeal from Lewis Circuit Court.

1. Mutual Combat—Damages—When a combat is by mutual consent, and each of the antagonists makes the danger to himself necessary by the attack he makes on the other, neither can recover damages for the injuries sustained. Goldnamer v. O'Brien, approved.

2. Verdict—Surplusage—A verdict of the jury finding that neither the defendant nor the plaintiff is entitled to any damage, and that each party pay his cost, is not void, the part relating to cost being merely surplusage, should be rejected.

3. Judgment—Correction of Verdict—When the court does not enter the proper judgment upon a verdict, this may be corrected on appeal without motion for a new trial.

4. Failure of Recovery—Costs—When the plaintiff in an ordinary action does not recover, he must pay the cost.

A. D. COLE and W. C. HALBERT for appellant.

SAMUEL J. PUGH and R. D. WILSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Affirming on the original appeal; on the cross appeal the judgment is reversed, with directions to enter a judgment dismissing Lykins' petition with cost.

R. F. Lykins brought this suit against W. H. Hamrick and John Hamrick, alleging in his petition that W. H. Hamrick on June 20, 1908, assaulted him and cut him with a sharp knife near to his heart, inflicting painful injuries to his damage in the sum of $10,000, and that John Hamrick was present aiding and abetting W. H. Hamrick in so doing. John Hamrick filed an answer traversing the allegations of the petition. W. H. Hamrick, by his answer, pleaded that he cut the plaintiff in his self-defense, and that at the time the plaintiff cut him in the thigh inflicting a serious injury on him to his damage in the sum of $10,000, which he pleaded as a counterclaim, praying judgment against the plaintiff therefor. The issues were made up and the case was submitted to a jury, who returned the following verdict:

"We, the jury, find that neither the defendant nor the plaintiff is entitled to any damage and that each party pay his cost."

The court entered a judgment pursuant to the verdict. Lykins appeals, and Hamrick prosecutes a cross appeal.

The proof introduced on the trial showed these facts: W. H. Hamrick and Lykins were neighbors and had always been friends. Hamrick's son was paying attentions to Lykins' daughter, and Lykins objected to him as a suitor for his daughter. There was some discussion of the matter between Lykins and Hamrick, but nothing said of a hostile character. Some days after this when Lykins was sitting on a porch at the postoffice, W. H. Hamrick and his brother, John, drove up from Vanceburg. W. H. Hamrick got out of the buggy, and began singing a little song, at which Lykins took offense. He thereupon left the porch over the protest

of his friends, drew his knife as he went down the steps, and advanced out in the direction of W. H. Hamrick, who met him in the pike with his knife drawn. As soon as they reached each other both began cutting, and when they were separated, both were cut. While the cuts were dangerous, both got well. Lykins' wound was apparently more dangerous than Hamrick's, but Hamrick was slower in getting well. The case was submitted to the jury under instructions which are very clear. We are asked to reverse the judgment on three grounds: First, that the verdict is palpably against the evidence; second, that Lykins may recover, although he invited and brought on the difficulty by attacking Hamrick; third, that the jury's verdict is illegal, not in obedience to the instructions, and simply an arbitration by them of the matter in dispute.

While there is no one who testifies positively to seeing Lykins cut Hamrick, the witnesses agree that they both began cutting at each other when they met, and that when the fight was over both were cut. Hamrick was unhurt when the difficulty began; he was seriously wounded when it was over. He says that Lykins cut him, and all the circumstances sustain his testimony. It is true he might have cut himself accidentally without knowing it, but this was a question for the jury. The instructions of the court were as indicated in Beavers v. Bowen, 80 S. W., 1165, and aptly submitted to the jury the question whether Hamrick cut Lykins in his necessary self-defense; whether Lykins cut Hamrick and if he did whether he acted in his necessary self-defense. The instructions aptly defined what would be and what would not be self-defense by the parties under the evidence, and no serious complaint is made of the instructions which were · given. We can not say that the verdict of the jury is not fully justified by the evidence on the ground that Hamrick and Lykins each made an attack on the other with an open knife, that neither was without fault; as each attacked the other and thus made the danger to himself by placing his antagonist in like peril.

The plaintiff asked the court to instruct the jury that if Lykins and Hamrick were equally guilty in seeking and bringing on the difficulty, then neither of them could rely on self-defense, and that they should find

for Hamrick such damages as he sustained and for Lykins such damage as he sustained by the injuries inflicted on him, set off one sum against the other and render a verdict for the difference in favor of the one entitled thereto. The court refused to so instruct the jury, and of this Lykins complains. The rule is stated in 3 Cyc., 1070, that consent can not avail as a defense in a case of mutual combat, such fighting being unlawful. The same rule is given in 2 Am. & Eng. Encyc. of Law, 987; Cooley on Torts, 188; Adams v. Waggoner, 5 Am. Rep., 230; Grotton v. Glidden, 30 Am. St. Rep., 413; Willey v. Carpenter, 15 L. R. A., 853; Shay v. Thompson, 48 Am. Rep., 538; Stout v. Wren, 9 Am. Dec., 653. The rule, however, allowing a man to recover damages for that which he causes himself, and thus allowing him to be enriched by the wrongful act which he procured, is condemned in Bishop on Non-contract Laws, Section 196, 1 Jaggard on Torts, 199; Galbraith v. Fleming, 60 Mich., 403. In Goldnamer v. O'Brien, 98 Ky., 569, this court after referring to the conflict of authority on the question said:

"While we readily appreciate the argument that, so far as the State is concerned, no consent can be pleaded in justification, we have not been able to understand how, in a civil suit, in which the party consenting alone is interested, compensation can be allowed by the law. If both parties to the action are violators of the law, must the mouth of one be closed and the complaint of the other heard? The parties stand on an exact equality before the law, and, if one wrongfully consented to beat another, the other as wrongfully consented to be beaten."

It is true that both Lykins and Hamrick are liable in a criminal prosecution by the State and that in such a prosecution neither could rely on the fact that the other consented to be beaten or that the conflict was a mutual combat. It is true the agreement to fight was unlawful, but we do not see why in a civil action the rule should not apply that the law will refuse relief or an award of damages to him who voluntarily engages in a thing forbidden by law. The fight being unlawful, and both being equally to blame for the fight, it is hard to see upon what principle, the law should in a civil action make a settlement between wrongdoers. It is a wise

rule of the law to leave the wrongdoer where it finds him, and it seems to us that the rule applies equally to violations of the law by fighting as to other violations. We, therefore, adhere to the conclusion reached in the case above referred to. It is true, that case did not involve a breach of the peace, but was a suit for an abortion. But an abortion is a more grave offense than a breach of the peace, and more condemned by the law.

There would have been no question of the sufficiency of the verdict, if it had been in these words:

"We, the jury, find that neither the defendant nor the plaintiff is entitled to any damage."

This part of the verdict responds aptly to the instructions of the court and decides every question submitted by the court to the jury. But it is insisted that the verdict is rendered invalid by reason of the fact that the jury added these words: "And that each party pay his cost." It is said that some of the jury might not have agreed to the verdict if this had not been added, and that this shows that the verdict was a compromise. But we can not assume that any member of the jury agreed to a false finding because a finding as to cost was added. We must presume that none of the jury agreed to a finding that neither the plaintiff nor the defendant was entitled to damages, unless he really so believed, and that the jury added the remaining words to the verdict merely with the view of expressing what would be in their judgment right as to the costs. But the matter of cost is regulated by law. Questions of law are for the court; questions of fact are for the jury. The jury can not pass upon any question of law and their finding on a question of law is simply surplusage. Cost is regulated by statute; the court itself is without discretion as to cost in cases of this sort. Section 889, Ky. Stat., so far as material, provides:

"The party succeeding in an ordinary action on the merits or otherwise shall recover his cost."

Lykins was the plaintiff in the action, and did not succeed. Hamrick, the defendant, did succeed for he defeated the action. A party who defeats an action by a counterclaim is as much entitled to his cost as a party who defeats it by any other defense. (More v. Howard, 143, Ky., 480; Shannon v. Stratton, 144 Ky.)

In Proffatt on Jury Trials, section 413, the rule in regard to surplusages in verdicts is thus stated:

"In Civil cases a general verdict is one that finds for the plaintiff or the defendant, as the case may be, according to the plea or declaration of either party. It is commonly for a certain sum. Juries in such cases frequently make a mistake by adding to their verdict irrelevant matter which the law terms surplusage. Thus it is not rare that juries add costs to a verdict, with which they have nothing to do, as that is a matter wholly within the regulation of law. Thus, it is held in Missouri that although costs are to be allowed, as a matter of course to the prevailing party, a verdict in favor of one party with a proviso that he shall pay the costs is not void. So much of it as relates to the payment of costs should be regarded as surplusage. A jury can not award costs; if they do it will not affect the residue of the verdict, if otherwise legal, and the part relating to costs will be rejected as surplusage."

So much of the verdict of the jury as directed how the cost should be paid, should have been rejected as surplusage. The court upon the verdict should have entered a judgment dismissing the plaintiff's petition with cost. It was not necessary that the defendant should enter a motion for new trial to have the proper judgment entered upon the verdict. There being no defect in the verdict, it was the duty of the court to enter the proper judgment upon it. The failure of the court to do this was an error which may be corrected by appeal.

On the original appeal the judgment is affirmed; on the cross appeal the judgment is reversed, with directions to enter a judgment dismissing Lykins' petition with cost.