## Davis v. Stone.

(Decided December 12, 1916.)

## Appeal from Pike Circuit Court.

1. Appeal and Error—Bill of Evidence.—In the absence of a bill of evidence, it will be presumed there was sufficient proof to sustain the action of the court in submitting the case to the jury.

2. Trial—General Verdict.—A general verdict is that by which the jury pronounces generally, upon all the issues, for the plaintiff or for the defendant.

3. Appeal and Error—Verdict—Sufficiency.—A verdict will not generally be held invalid for mere informality, if its meaning is sufficiently intelligible to be the basis of a legal judgment, or, if it can be made definite and certain without resorting to facts aliunde, as by reference to the pleadings, evidence, or record.

4. Appeal and Error—Insufficiency of Verdict.—If a verdict be so uncertain that it cannot be clearly ascertained whether the jury meant to find the issue or not, or what issue they meant to find, and when the verdict could not be conclusive upon either issue, it is insufficient.

5. Costs—Jury May Not Award.—A litigant's right to recover costs in an ordinary action is controlled by section 889 of the Kentucky Statutes; and, being a question of law, a jury is without authority to award costs.

6. Trial—When Verdict Void.—Where, in an action by the plaintiff for damages, the defendant counter-claimed for damages, and the jury returned a verdict saying, "We, nine of the jury, agree for each party to pay their cost," the verdict failed to pass upon any issue submitted to the jury, and was void.

7. Appeal and Error—Verdict.—A litigant is not required to object to a void verdict in order to enable him to question its validity.

HOBSON & HOBSON and WILLIS STATON for appellant.

J. S. CLINE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Reversing.

The appellant, Phoebe A. Davis, having sued the appellee, Stone, for $3,000.00, damages to a coal mine, of which Stone was lessee, Stone counter-claimed against Mrs. Davis for $1,600.00, in damages. The case was tried and submitted to the jury, upon both issues; whereupon the jury returned the following verdict: "We, nine of the jury, agree for each party to pay their cost."

Upon the return of the verdict the court asked counsel for both sides if they had any objection to the form

of the verdict, and none being made, the jury was discharged and the verdict accepted.

The plaintiff, by counsel, objected, however, to the entry of any judgment upon the verdict, upon the ground that the jury had failed to find upon either of the issues joined, and that the verdict was a nullity, for that reason. The court, however, overruled plaintiff's objection, and entered a judgment, dismissing both the petition and the counter-claim, and directing "that each party pay, their own cost."

Plaintiff moved the court for a new trial, her first ground assigned reading as follows:

"1. Because the verdict as rendered by the jury, does not find upon any or all of the issues joined, either for or against either the plaintiff or the defendant, and same is not in conformity in any respect, with the provisions of section 326 of the Civil Code of Practice; and, is so uncertain that no judgment can be rendered upon it; and, because the court erred in overruling her motion for a *venire facias de novo,* to which she excepted."

The court overruled plaintiff's motion for a new trial, and she appeals, asking a reversal upon the single ground of the inadequacy of the verdict to support the judgment entered, or any judgment whatever.

The bill of exceptions does not contain a transcript of the evidence, and, for that reason, appellee insists that the judgment of the circuit court should be affirmed, since it will be presumed, in the absence of the proof, that it would sustain the verdict and judgment by showing that appellant had no case, and that defendant's motion for a peremptory instruction should have been sustained.

The court, however, overruled both motions for a peremptory instruction, and submitted the case to the jury; and, under the rule above suggested, the presumption in the absence of the transcript of evidence, is, that there was sufficient proof to sustain the action of the court in submitting the case to the jury.

We have, therefore, this single question: Was the verdict sufficient to sustain the judgment?

In 38 Cyc. 1868, a verdict is defined as follows:

"A verdict is the answer of the jury concerning any matter of fact in any cause committed to them for trial, its object being to announce to the court the judgment of the jury, and as to how far the facts, established by

the evidence, conform to those which are alleged, and put in issue by the pleadings, and also for which party and in what amount to render judgment. The facts declared by it constitute the basis of the judgment.''

The same idea is expressed in section 326 of the Code, which defines a general verdict, as follows:

''A general verdict is that by which the jury pronounces generally, upon all the issues, for the plaintiff or for the defendant.''

It, therefore, clearly appears that a general verdict should pronounce for the plaintiff, or for the defendant, upon the issues presented to the jury; otherwise, we have no verdict. A decision of the issues submitted is an essential element of a valid verdict.

The rule as to certainty and definiteness in a verdict is stated as follows, in 38 Cyc. 1877:

''A verdict will not generally be held invalid for mere informality if its meaning is sufficiently intelligible to be the basis of a legal judgment, or if it can be made definite and certain without resorting to facts *aliunde*, as by a reference to the pleadings, evidence, or record. If possible a construction will be given to the verdict which will make it effective rather than void, *ut res magis valeat quam pereat;* but a verdict is bad where it is so uncertain that it cannot be clearly ascertained what, if any, issues were passed on by the jury, or where it is not certain in itself, and does not find facts from which certainty can be attained, or which cannot be made certain without looking out of the record, or which is otherwise so uncertain or indefinite as not to enable the court to base a legal judgment thereon, or is inconsistent or illogical. Where the verdict does not clearly find the matter in issue it cannot be helped by intendment, or be corrected or cured by the judgment.''

In Moriarty v. McDevitt, 46 Minn. 136, the court said:

''A verdict must be confined to the matters put in issue by the pleadings, and, if responsive to those issues, it is sufficient. It must be construed with reference to the pleadings, and is sufficiently certain if it can be made certain by reference to the record. Although informal, it is good, if the finding of the matter in issue can be concluded from it, and it can be understood by the court. . . . .

"A substantial requisite of a verdict, the element of certainty, is wanting; and while it is the duty of a court to mould a verdict into form where the intention of the jury appears, it cannot be done with safety, in this instance."

In Cheswell v. Chapman, 42 N. H. 55, the court stated the rule as follows:

"For although a verdict which is informal, and does not find the issue in terms, will be sufficient, if a finding of the matter in issue can be concluded out of it, yet if it be so uncertain that it cannot be clearly ascertained whether the jury meant to find the issue or not, or what issue they meant to find, and when the verdict could not be conclusive upon either issue, it is bad."

The books contain many cases of informal verdicts which, nevertheless, have been held sufficient.

In P. C. C. & St. L. Ry. Co. v. Darlington's Admx., 129 Ky. 268, the verdict read as follows:

"We, the jury, find a verdict for the plaintiff to the amount of $10,000.00 and fix the blame on the Pennsylvania Railroad Co."

The appellant company, though a separate corporation, was a subsidiary corporation of the Pennsylvania Railroad Co., and appellant was generally spoken of as "The Pennsylvania Railroad," or "The Pennsylvania Railroad Co."

The court sustained the verdict, upon the ground that the intent of the jury to find against the defendant, although by an improper name, was fully expressed, and sufficient under the rule that resort might be had to the pleadings or other parts of the record to see what the jury meant by their verdict.

In Williams v. Commonwealth, 140 Ky. 35, the verdict read, "We, the jury, do agree and find the defendant $150.00 and six months in jail and work." The court sustained the verdict, upon the ground that, since the jury could not have fixed the defendant's punishment without first having found him guilty, they, in effect, found him guilty as charged in the indictment, when in their verdict they fixed his punishment at a fine and imprisonment.

In Lykins v. Hamrick, 144 Ky. 80, the suit was the result of a fight between Lykins and Hamrick. Lykins sued Hamrick, whereupon Hamrick counter-claimed

against Lykins for his half of the fight, both claiming damages. The jury returned this verdict:

"We, the jury, find that neither the defendant nor the plaintiff is entitled to any damage, and that each party pay his cost."

Under section 889 of the Kentucky Statutes, a party succeeding in an ordinary action, on the merits or otherwise, shall recover his costs. It was apparent, therefore, that the jury was without authority to pass upon the question of law presented by their finding upon the question of costs. So, after treating as surplusage, so much of the verdict as directed how the costs should be paid, the court sustained the verdict, because it had declared, in terms, that neither party was entitled to any damage. And, in doing so, it substantially complied with the rule which required the jury to pass upon the issues between the parties.

Again, in Walter v. Louisville Railway Co., 150 Ky. 652, 43 L. R. A. (N. S.) 126, Walter sued the railway company for negligently injuring his wagon, and the jury returned the following verdict:

"We, the jury, do not find the defendant guilty."

The issue being whether the defendant was guilty of negligence, the verdict passed upon that issue, although somewhat informally; and, the court sustained the verdict.

Likewise, in Jackson v. M. B. & S. T. Hill, 22 Ky. L. R. 563, 58 S. W. 434, the Hills sued Jackson in ejectment, and for $250.00 damages for cutting timber on the land in controversy. Jackson answered, claiming the land as his own. Upon a trial the jury returned the following verdict:

"We, the jury, find for the plaintiffs and assess the damage at $20.00."

Upon that verdict, the court entered a judgment in favor of the plaintiffs for the land described in the petition, and for $20.00 damages.

Upon appeal Jackson insisted that the court could not properly have rendered a judgment in favor of the plaintiffs for the land, because there was no verdict upon which to base it. The court, however, upheld the verdict, saying that a finding "for the plaintiffs" must be understood as a finding by the jury upon the issues joined between the parties; and, even though there were several distinct issues made by the pleadings, such a

verdict would be regarded as a substantial finding upon all the issues, citing 28 Am. & Eng. Ency. of Law, 355, and Proffat on Jury Trials, sec. 418.

It will be noticed, however, that in all of these cases, and cases like them, there was really an affirmative finding upon the issue submitted, although it was not fully, or perhaps accurately, stated in the verdict.

But, in the case at bar, the jury passed upon no issue of fact; it merely attempted to pass upon a question of law. When, therefore, we eliminate as surplusage, as we must do under the rule announced in Lykins v. Hamrick, *supra,* so much of the verdict as undertook to pass upon the question of costs, there is nothing of the verdict left. It will not do to say that by silence, and the improper finding upon the question of costs which was not submitted, the jury meant to say there was a finding upon the issues of fact presented by the pleadings and the instructions.

The question at bar is well illustrated by the late case of Armstrong v. Fiscal Court, 162 Ky. 564, where we passed upon the validity of an election in which the voters attempted to vote upon the question of imposing a road tax. The question as submitted, read as follows: "Are you for or against voting county bonds for road purposes?" The voters were required to indicate their decision by making a cross mark either before the word "yes" or the word "no" set opposite the question; and they did so, 2,465 voting "yes," and 1,079 voting "no." But, upon appeal, this court held there could be no election where the question was framed in so dubious a manner, and that it would not undertake to say that in voting in the square marked "yes," voters were in favor of imposing the road tax, since it really meant that the voter so voting was both for and against the tax.

We conclude, therefore, that since the verdict passed upon no issue submitted to it, it was void.

It is insisted, however, that because the appellant did not object to the form of the verdict at the time it was rendered, she will be held to have treated it as sufficient for the purposes of the case, and will not now be permitted to question its sufficiency or definiteness. It was so held in Walter v. Louisville Railway Co., *supra;* and, it was there said that if Walter had desired to raise the question of the sufficiency of the form of the verdict, he should have done so at the time it was returned, in

order that the court might then have required the jury to correct the form of its verdict so as to conform to the law.

And, in Williams v. Commonwealth, 140 Ky. 35, it was said the rule was well settled in this state that, if a verdict is not as specific as desired, the correct practice is, to then and there and before the jury is discharged, have them reform it; and, that by allowing the jury to be discharged without objection, and without motion to have them correct or extend their verdict, a party will be deemed to have waived all formal defects in it. See also Gillum v. Commonwealth, 121 S. W. 445.

There is a marked difference, however, between the Williams case and cases of that character, where the verdict is merely informal, but really passes upon the issues submitted, and the case at bar, where the verdict passed upon no issue. In the first class of cases the verdict is merely irregular, and will be treated as sufficient, in the absence of an objection to make it more specific, if its language be sufficient to show that the jury expressed its opinion upon the issues submitted; while in the case before us, there was no verdict whatever. In cases of this latter class, a party will not be presumed to have waived any of his rights by failing to object, because there was no finding, and consequently, nothing in the verdict to which he was called upon to object. A litigant is not required to object to a void verdict in order to enable him to question its validity.

The court, upon its own motion, should have directed the jury to reconsider its verdict and make it more specific, if it cared to do so; but, in entering the judgment dismissing the petition and counter-claim, the court went beyond the lines of the verdict and entered a judgment that was not sustained by it. Day v. Webb, 28 Conn. 140; The Gulf Colo. & St. F. Ry. Co. v. Hathaway, 75 Tex. 557; Blank v. Foushee, 4 Munf. 61.

Judgment reversed and cause remanded for a new trial.

The whole court sitting.