# Elihu Clark, Monroe Kilburn and Floyd Kilburn v. Commonwealth.

(Decided May 12, 1925.)

## Appeal from Perry Circuit Court.

1. Criminal Law—When Failure of Verdict Formally to State Degree of Offense is Not Ground for Reversal, Stated.—Failure of verdict formally to state degree of offense of which jury find defendant guilty is not ground for reversal, if the punishment fixed can relate to but one degree; the verdict being sufficiently definite, under such circumstances, to uphold it.

2. Criminal Law—Omission from Verdict of "and Fix their Punishment" Held Not Ground for Reversal, as Being Formal Defect.— In a homicide prosecution of three defendants, omission from verdict of the words "and fix their punishment" held not ground for reversal, being formal defect, which after judgment will be liberally construed to uphold judgment, where no motion was made at time of rendition of verdict to correct it.

3. Criminal Law—Argument that there was Whiskey in House at Time of Homicide Held Proper.—As conditions existing in house at time of homicide were properly considered as part of res gestae, reference in argument to failure of defendants to deny that there was whiskey in the house, was not improper.

4. Criminal Law—Counsel in Argument May Arraign Crime in Strong Terms.—Some latitude must be given counsel in argument to jury in discussing historical matters, and they are permitted to arraign crime in strong terms.

5. Criminal Law—Dramatic Reference to McKinley's Assassination and Caustic Arraignment of Murderers and Assassins Held Not Misconduct.—Dramatic reference of Commonwealth's Attorney, in closing argument, to having visited the spot where President McKinley was assassinated, and indulgence in a caustic arraignment of murderers and assassins, held not misconduct.

6. Homicide—Verdict of Guilty of Manslaughter Held Flagrantly Against Evidence.—Verdict of guilty of manslaughter, based on evidence that defendant took no part in the shooting but crawled under the bed and remained there until it was over, and that he was seen to leave the house with a pistol, held flagrantly against the evidence.

H. C. EVERSOLE for appellants.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming as to Monroe and Floyd Kilburn and reversing as to Elihu Clark.

Elihu Clark, Monroe Kilburn and Floyd Kilburn, in a joint trial in the Perry circuit court on a charge of murder, were found guilty of manslaughter, and the punishment of Monroe and Floyd Kilburn fixed at ten years each and that of Elihu Clark at two years in the penitentiary. All appeal. This is the second appeal. The first appeal was by the Commonwealth from a mistrial, seeking a certification of the law, and the facts are fully set out in the opinion of this court in that case, reported in 200 Ky. 359. On the second trial the ruling of the court conformed closely to the law laid down in the former opinion, the evidence being substantially the same as in the first trial, with the omission of such as this court had condemned.

While criticised, the instructions accord with the views expressed in the former opinion, and are therefore not erroneous. The verdict is criticised as being (1) indefinite in not stating the degree of the offense of which defendants were found guilty; and (2) in failing to state that the punishment was fixed. It reads: "We the jury agree and find the defendants guilty, Monroe Kilburn and Floyd Kilburn, ten years each in the state penitentiary and Elihu Clark two years in the state penitentiary. C. A. Bowman, member of the jury." (1) It is well established that although the jury may in their verdict fail to formally state the degree of the offense of which they find a defendant guilty, if the punishment fixed can relate to but one degree the verdict is sufficiently definte and will be upheld. Hays v. Commonwealth, 14 Ky. Dec. 800; Williams v. Commonwealth, 140 Ky. 34.

(2) On the same principle an omission of the words, "and fix their punishment," is but a formal defect which might have been corrected on motion at the time of its rendition, but which after judgment will be liberally construed in upholding the judgment.

In Blair v. Commonwealth, 181 Ky. 218, on page 224. it is said:

"Ordinarily, when a defendant allows the jury to be discharged without objection and without mo-

tion to have them correct or extend their verdict, he will be deemed to have waived the former defects in the verdict, and it must then affirmatively appear that the substantial rights of the accused have been prejudiced by the informality. A presumption will not be indulged that his rights were prejudiced. Citing Gilliam v. Commonwealth, 121 S. W. 445; Williams v. Commonwealth, 140 Ky. 34.''

Clearly the only meaning that could be given the language used is that the punishment was fixed for the time indicated and no one could have misconstrued it or misunderstood its effect. As it is only a formal defect and no motion was made for a correction, and it does not appear that any of the substantial rights of the appellants were thereby prejudiced, it affords no ground for reversal.

Misconduct of counsel in their closing argument is also urged. One of the counsel for the prosecution referred to the fact that neither of the defendants had denied that there was whiskey in the house. All of them had testified in the case and the conditions existing in the house at the time could properly be considered as part of the *res gestae*. In the closing argument the Commonwealth's attorney made a rather dramatic reference to having visited the spot where McKinley was assassinated and indulged in a caustic arraignment of murderers and assassins. Some latitude must be given counsel in argument in discussing historical matters and they are permitted to arraign crime in strong terms. It does not appear that either of these instances constituted misconduct of counsel. Upon the whole case we do not think there are any errors prejudicial to the substantial rights of either Monroe Kilburn or Floyd Kilburn, and the judgment as to them is affirmed.

The case against Elihu Clark is different. He was at his own home, at the family fireside with his guests; it is not shown that he ever entertained any ill will toward the deceased or that he or any of his guests anticipated the appearance of the latter. In entering the house the deceased precipitately assaulted one of the guests. This resulted in the two Kilburns shooting him to death. Clark took no part in the difficulty, but instead crawled under the bed and remained there until it was over. The

only evidence against him is that he was seen to leave the house afterwards with a pistol.

The verdict of guilty against him is flagrantly against the evidence, and for this reason the case is reversed as to him and cause remanded for proceedings consistent with this opinion.