## Shepherd v. Commonwealth.

(Decided September 27, 1929.)

H. H. RAMEY and W. R. PRATER for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Jake Shepherd, charged with murder, was convicted of manslaughter and sentenced to 21 years in the penitentiary.

In July, 1928, appellant shot and killed Lewis Howard, a boy 18 years of age. On the day of the killing, appellant and Floyd Wireman, his nephew, had gone hunting, as they claim, for turtles. On their way home they stopped under the shade of a tree near the public road. Floyd Wireman sat down on the side of the road with a shotgun across his lap, and appellant sat down on the opposite side of the road. While they were sitting by the roadside, Lewis Howard, accompanied by Turner Conley, came up the road. Howard had been to a neighboring store and had purchased a pair of overalls and a bag of coffee. According to the testimony of Conley, when he and Howard reached the point in the road where appellant and Wireman were seated, the former arose, walked toward Howard, cursed him, and said, "You are going to die," and Howard said, "I don't want no trouble out of you," whereupon appellant shot Howard in the face, killing him instantly. Conley further testified that Howard was not armed and was not in the act of attacking appellant when the latter fired the fatal shot.

Appellant and Wireman claim that when Howard and Conley reached the point in the road where they were seated, they said, "Howdy," and the deceased then said to Wireman "that he heard he had been claiming he was the daddy of that kid at his house." Wireman said "he had not but wished he was." The deceased then began to curse and abuse Wireman, and appellant, fearing that Wireman might become provoked and shoot Howard, walked across the road and took the gun from Wireman's hands. He claims that Howard then dropped the two packages he had been carrying, ran his hand into his pocket, drew a knife, and attacked him, whereupon he shot Howard.

It is urged on this appeal that the judgment should be reversed because the trial court erred in failing to grant appellant a new trial on the ground of newly discovered evidence and because of the commonwealth's attorney's misconduct in the closing argument to the jury.

Conley testified that he saw no knife in Howard's hand at the time he was shot, and Howard's mother and sister testified that he had lost his knife on the day before

he was killed. An uncle of Howard, who was the first to reach the scene of the shooting after the killing, testified that he found Howard lying on his back with his head down the bank, his right hand open, but with an open knife lying in the palm of his hand. The fingers on this hand were stiff. It was the theory of the commonwealth that this knife had been placed in Howard's hand by appellant or Wireman after the shooting.

In support of his motion for a new trial, appellant filed the affidavit of W. M. Shepherd, who stated that he was at the home of Mort Arnett on the day of the killing and saw the deceased with a knife similar to the one found in his hand after he had been killed. Whether or not W. M. Shepherd is related to appellant does not appear, but the record does disclose that he signed the appeal bond. He also stated in his affidavit that he had seen appellant three or four times after Howard was killed and before appellant was tried.

A new trial should not be granted on the ground of newly discovered evidence, unless it is of such a nature that it might have a decisive effect on the trial and could not have been discovered by the defendant by the exercise of reasonable diligence. Here it appears that W. M. Shepherd saw the appellant three or four times after the shooting and before the trial, and that he was sufficiently interested in appellant to sign his appeal bond. It is unlikely that he would have failed to inform appellant of any facts known to him helpful to appellant. In the circumstances, we are not convinced that the alleged newly discovered evidence is of such a decisive character that it would probably influence the verdict of a jury.

In his argument to the jury the commonwealth's attorney said: ''Edward Hickman killed and dismembered the body of a little girl in California, without excuse, when he was sober and had no previous trouble. Was that reasonable? At any rate it happened.'' Also, ''That there had been so much murder and bloodshed in Magoffin county that jurors had become accustomed to it.'' It is urged that these statements were prejudicial. The first statement complained of was made in response to the argument of the attorney for the defendant that it was unreasonable to believe that Jake Shepherd would have shot and killed Howard under the circumstances testified to by the witnesses for the commonwealth and was merely a historical allusion to a noted criminal case and could not have had an effect prejudicial to appel-

lant's substantial rights. Jackson v. Commonwealth, 100 Ky. 239, 38 S. W. 422, 1091, 18 Ky. Law Rep. 795, 66 Am. St. Rep. 336; Clark v. Commonwealth, 209 Ky. 51, 272 S. W. 11.

The second statement of the commonwealth's attorney complained of was merely an admonishment to the jury that it was their duty to enforce the law in order that its observance might be encouraged in their community and did not transgress the limits of proper argument.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.