## Fritz v. Roberts.

(Decided May 19, 1936.)

A. T. W. MANNING and T. T. BURCHELL for appellant.

ROY W. HOUSE and GRAY & FEATHER for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Mrs. W. M. Fritz brought this suit in the Clay circuit court against Charlie Roberts to recover damages for certain personal injuries sustained by her and also damages to her automobile resulting from a collision of the automobiles of the respective parties. We will refer to the parties as plaintiff and defendant, according to the respective positions in the circuit court.

Plaintiff alleged that the collision of the automobiles was brought about by the negligent operation of defendant's automobile. Defendant filed his answer

and counterclaim denying any negligence on his part and alleging that the accident was caused by the negligent operation of plaintiff's automobile and asked that he recover of plaintiff for the personal injuries sustained by him and damages to his automobile.

The issues thus made were tried before a jury and it returned the following verdict:

"We, the jury, agree and find for neither the plaintiff nor the defendant."

Upon this verdict the court entered judgment dismissing both plaintiff's petition and defendant's counterclaim, and to reverse that judgment plaintiff brings this appeal.

The sole question presented and relied on for a reversal is the form of the verdict. The argument of plaintiff is that the verdict passes upon no issue either for or against the plaintiff or the defendant and is nothing more than a written statement signed by the jury that they made no verdict and it is insufficient upon which to pronounce judgment. To support plaintiff's contention the case of Davis v. Stone, 172 Ky. 696, 189 S. W. 937, is cited and relied on. In that case Davis sued Stone for damages to a coal mine of which Stone was lessee. Stone counterclaimed against Davis and asked to recover damages against her. The case was tried and submitted to the jury upon both issues; whereupon, the jury returned the following verdict:

"We, nine of the jury, agree for each party to pay their cost."

Upon an appeal to this court, it was held that such verdict passed upon no issue of fact, but merely attempted to pass upon a question of law, which was surplusage, and once the surplusage was eliminated there was nothing of the verdict left.

In cases where informal or irregular verdicts have been returned, such verdicts must be construed in connection with the pleadings and instructions, and will be held sufficient if it can be made reasonably certain by reference to the record. Davis v. Stone, supra.

In the present case, the question of negligence of

the respective parties was submitted to the jury. The court instructed the jury in substance that if the accident occurred by reason of the negligence of the plaintiff, but for which the collision would not have happened, it would not find for plaintiff; and that if defendant was also negligent but for which the accident would not have happened, it would not find for him upon his counterclaim.

Construing the verdict in connection with the pleadings and instructions, it is at once obvious that the jury meant to say by its verdict that it found that both parties were negligent and contributed to the accident, but for such joint negligence the accident would not have occurred, and therefore plaintiff was not entitled to recover on her petition, nor was defendant entitled to recover on his counterclaim.

Lykins v. Hamrick, 144 Ky. 80, 137 S. W. 852, was a suit by Lykins to recover damages as a result of a fight between them, and Hamrick counterclaimed against Lykins for his injuries sustained in the fight. The jury returned this verdict:

"We the jury find that neither the defendant nor the plaintiff is entitled to any damage and that each party pay his cost."

It was held that the jury had no right to pass upon the question of costs and that part of the verdict was so much surplusage and should be eliminated. But the remainder of the verdict was held sufficient to determine the issues between the parties. Again in Walter v. Louisville Ry. Co., 150 Ky. 652, 150 S. W. 824, 825, 43 L. R. A. (N. S.) 126, Ann. Cas. 1914 D, 441, Walters sued the railroad company for negligently injuring his wagon and the jury returned the following verdict:

"We, the jury, do not find the defendant guilty."
The issue being whether the defendant was negligent, it was held that the verdict sufficiently passed upon that issue, although somewhat informally, and the verdict was sustained.

It must be conceded that when a verdict is framed in such language as it cannot be construed to pass upon the issues, even when considered in connection with

the record, it is void and can be appealed from even without motion to have the jury correct or extend it. But when a verdict is merely informal or indefinite, but not clear as may be desired, the complaining party should enter motion to have the jury extend or reform it before the jury is discharged, otherwise the question will be deemed to have been waived. Williams v. Com., 140 Ky. 34, 35, 130 S. W. 807; Gillum v. Com., (Ky.) 121 S. W. 445. In the present case no motion was made to have the verdict extended or reformed and the question was raised for the first time in motion and grounds for a new trial.

In the case of Jackson v. M. B. & S. T. Hill, 58 S. W. 434, 435, 22 Ky. Law Rep. 563, the Hills sued Jackson in ejectment and sought $250 damages for timber cut by Jackson on the land there in controversy. Jackson answered, claiming to be the owner of the land from which the timber was taken, thereby putting title of the land in issue. Upon trial the jury returned the following verdict:

> "We, the jury, find for the plaintiffs, and assess the damage at twenty dollars."

Upon an appeal to this court it was held that the verdict necessarily passed on the issue of title to the land, since the jury could not have found damages for plaintiff for the timber taken from the land unless plaintiff owned the land, and the verdict was held sufficient to support a judgment adjudging that the plaintiff was the owner of the land.

It is our view that the verdict in the present case when construed with the pleadings and instructions is even more plain than those in many of the cases herein cited. The jury was instructed to find damage for the party free from fault, or not in fault, to the extent that the accident would not have happened but for such fault. The language of the verdict that the jury found "for neither party" is clearly susceptible of the construction that it meant to find that neither party was entitled to recover damages against the other, notwithstanding the word "damage" does not appear in the verdict.

The reason for the liberal construction of juries' verdicts is aptly set out in Pittsburgh, C., C. & S. L. R.

422

Co. v. Darlington's Adm'r, 129 Ky. 266, 111 S. W. 360, 361, 33 Ky. Law Rep. 818, wherein it is said:

"Jurors are gathered from every walk of life. Very frequently, perhaps most generally, they are not men of literary learning. Their choice of expressions is very apt to be not exact; their verdicts being frequently ungrammatical and rarely couched in the terminology of the law. Hence Courts view the findings of the jury with great leniency, and every reasonable presumption is indulged in aid of a general verdict. The main thing is to get an understanding of what the jury intended. Their intent is to be sought for in the language they used in their verdict, interpreted in the light of the record. Resort may be had to the pleadings or other parts of the record to see what the jury meant by their verdict."

It is our conclusion that the verdict sufficiently passed upon the issues between the parties and the judgment of the trial court was proper.

Judgment affirmed.