## PERCY R. CHEVALIER v. ROBERT ROGERS.[1]

April 6, 1950.

No. 35,067.

*Stone, Manthey & Carey,* for appellant.

*Gillette, Nye, Montague, Sullivan & Atmore* and *Richard Hastings,* for respondent.

PETERSON, JUSTICE.

Plaintiff sues to recover for personal injuries and property damage sustained in an automobile collision alleged to have been negli-

[1]Reported in 41 N. W. (2d) 872.

gently caused by defendant. Defendant asserted as a defense that plaintiff was guilty of contributory negligence and as a counterclaim that the collision was caused by plaintiff's negligence. Plaintiff appeals from the order denying his motion for a new trial.

The question for decision is whether, in an action wherein plaintiff sought to recover for defendant's negligence and defendant interposed a defense of contributory negligence and a counterclaim to recover for plaintiff's negligence, the verdict is void where it was to the effect that both plaintiff and defendant were negligent without more.

In the complaint it was alleged that plaintiff sustained personal injuries and property damage as a result of an automobile collision caused by defendant's negligence. Defendant interposed a defense to the effect that plaintiff was guilty of contributory negligence and a counterclaim alleging a right to recover against plaintiff upon the ground that the collision was caused by plaintiff's negligence.

The trial judge instructed the jury relative to the questions of negligence and contributory negligence, and that negligence did not constitute a ground for recovery and that contributory negligence did not constitute a defense unless the same was a proximate cause of the collision. The jury was provided with three forms of general verdict: The first was one in favor of plaintiff for an amount to be assessed by the jury; the second was one for a verdict in favor of defendant for an amount to be assessed by the jury; and the third was one in favor of the defendant without any assessment of damages. The jury used the third form of verdict, which it altered so as to read: "We, the Jury in the above entitled action, find the Plaintiff and the Defendant both negligent."

Plaintiff contends that the verdict is void for the reason that it is not responsive to all the issues submitted, in that it failed to find whether the negligence found was a proximate cause of the collision; that it is impossible to determine therefrom whether the defendant's negligence was a proximate cause of the collision and plaintiff's negligence was not; and that consequently no judgment can be entered thereon for or against either party. Defendant contends,

among other things, that the verdict should be construed as one in his favor, for the reason that, when the verdict is considered in the light of the pleadings and the issues submitted at the trial, it manifests an intention to find that plaintiff was negligent and that such negligence was the proximate cause of the collision. It is argued in support of this contention that the failure to find for plaintiff is equivalent to a finding that his negligence was the proximate cause of the collision.

A verdict is to be liberally construed so as to give effect to the intention of the jury. Here, the burden of proving that defendant's negligence was a proximate cause of the collision was upon plaintiff so far as his cause of action was concerned, and upon defendant so far as plaintiff's contributory negligence as a defense and also as a counterclaim were concerned. The omission of the jury to find a fact in favor of the party having the burden of proof is equivalent to a finding against him. In re Estate of Boese, 213 Minn. 440, 7 N. W. (2d) 355. Under the rule, the verdict should be construed as finding that neither plaintiff's nor defendant's negligence was proved to have been a proximate cause of the collision. If defendant's negligence was not a proximate cause of the collision, plaintiff was not entitled to recover, and that would end the case. Likewise, if plaintiff's contributory negligence was not a proximate cause of the collision, it was no defense and no basis for defendant to recover on his counterclaim. In Fritz v. Roberts, 264 Ky. 418, 94 S. W. (2d) 1016, where like issues were litigated, the jury returned a verdict that it did "agree and find for neither the plaintiff nor the defendant." The court construed the verdict as finding that both parties were negligent and that both the negligence of defendant and the contributory negligence of plaintiff "contributed" to the accident, and said (264 Ky. 420, 94 S. W. [2d] 1017):

"Construing the verdict in connection with the pleadings and instructions, it is at once obvious that the jury meant to say by its verdict that it found that both parties were negligent and contributed to the accident, but for such joint negligence the accident would not have occurred, and therefore plaintiff was not entitled to

recover on her petition, nor was defendant entitled to recover on his counterclaim."

Here, it makes no difference whether we construe the verdict as one finding in effect that both defendant's negligence and plaintiff's contributory negligence were not proximate causes of the collision or whether we construe it as holding that both defendant's negligence and plaintiff's contributory negligence were proximate causes of the collision. In either event, plaintiff was not entitled to recover.

The instant case differs from Christensen v. Hennepin Transp. Co. Inc. 215 Minn. 394, 399, 10 N. W. (2d) 406, 410, 147 A. L. R. 945, where there was a general verdict for defendant, with the addition "by reason of the fact that both the defendant and plaintiff were negligent." We there said, in stating the facts, that the quoted addition should be rejected as surplusage and the general verdict should stand. The difference is that in the Christensen case there was a general verdict for a particular party, whereas here there is a verdict to the effect that both parties were negligent without any express indication as to the particular party in whose favor the jury intended to find.

In conclusion, we think that there should be an affirmance.

Affirmed.