**406**

James MALCOM, Appellant,

v.

Lloyd KIRK'S ADMINISTRATRIX
(Mary Kirk), Appellee.

Court of Appeals of Kentucky.

Nov. 21, 1958.

Williams, Rivers & Melton, Paducah,
William C. Allen, Marion, for appellant.

Waller, Threlkeld, Whitlow & Byrd, Pa-
ducah, for appellee.

WADDILL, Commissioner.

Lloyd Kirk, a pedestrian, was fatally in-
jured when he attempted to cross a public
highway after dark. The automobile driv-
en by Hubert Howell, which was traveling
north at about 50 miles an hour, struck Kirk
in the north-bound traffic lane and knock-
ed him into the south-bound traffic lane.
While Kirk was lying there, the car driven
by James Malcom, traveling south at ap-
proximately 40 miles an hour, ran over
him.

Mary Kirk brought this action as admin-
istratrix of Kirk's estate to recover dam-
ages from Howell and Malcom alleging
that their negligence caused Kirk's death.

Upon trial of the case the jury returned
the following verdict:

"We, the jury, believe that Mr.
Kirk, Mr. Malcom and Mr. Howell
are all guilty of some neglect by not
observing the traffic conditions at the
time of the accident. Furthermore,
that Mrs. Kirk should be paid $6000,
plus funeral expenses, the same to be
divided equally between the defend-
ants, Mr. Howell and Mr. Malcom."

After the verdict had been entered of
record without objection, Malcom filed a
motion requesting the court to enter a
judgment for defendants on the verdict.
This motion was overruled, and the court
entered judgment that plaintiff recover
$3,168.19 from each of the defendants.

The appeal by James Malcom only ques-
tions the correctness of the judgment en-
tered upon the verdict. Appellant insists
that the verdict absolves him from liability
because the jury found that Kirk was guilty
of negligence. Consequently, the sole ques-
tion to be decided on this appeal is whether

the court correctly construed the verdict in light of the record. Thacker's Adm'r v. Salyers, Ky., 290 S.W.2d 830; Fritz v. Roberts, 264 Ky. 418, 94 S.W.2d 1016; Lykins v. Hamrick, 144 Ky. 80, 137 S.W. 852.

Apparently, the trial court construed the verdict to mean that, although Kirk was guilty of negligence, Malcom had the last clear chance to avoid running over him. This construction gives effect to all of the findings of the jury. Hence, the only reasonable conclusion that can be reached is that the jury decided the case under the instruction which authorized appellee to recover under the last clear chance doctrine.

Judgment affirmed.