**Glen M. BAXTER, Appellant,**

v.

**Nola TANKERSLEY, Administratrix of the Estate of Doyle Dean Tankersley, Deceased, and Harold W. Shuttleworth, Appellees.**

Court of Appeals of Kentucky.

June 23, 1967.

738

Elwood Rosenbaum, Rosenbaum & Sullivan, Lexington, for appellant.

Walter Patrick, Ollie J. Bowen, Lawrenceburg, W. Earl Dean, Dean & Dean, Harrodsburg, for appellees.

CHARLES M. ALLEN, Special Commissioner.

Appellant Glen M. Baxter appeals from the judgment of the Anderson Circuit Court rendered pursuant to a jury verdict awarding damages against him in the sum of $8,948.75 to the estate of Doyle Dean Tankersley, deceased, and $300.00 to Harold W. Shuttleworth.

Appellant contends that his motion for a directed verdict should have been sustained or, in the alternative, that the trial court should have sustained his motion for judgment notwithstanding the verdict. His only other contention is that the trial court erred in receiving an allegedly inconsistent verdict of the jury.

On June 7, 1965 appellant was driving his 1960 Austin-Healey sports car east on U. S. Highway 62 at the point where it intersects with the Tyrone Road. At the point where the two roads intersect there was a stop sign located in the center of a triangular grassy plot, the base of which triangle measured 4 feet along U. S. 62 and the legs of which extended 7 feet on both sides into Tyrone Road. The stop sign was intended for traffic coming from Tyrone Road onto Highway 62. Highway 62 is approximately 34 feet in width at the point where it intersects the Tyrone Road, there being one lane for westbound traffic of approximately 12 feet in width and two lanes for eastbound traffic of 22 feet in width. The southern-most lane of Highway 62 is described by the witnesses as an approach lane and it contained some loose rock upon it on the date of the collision. Baxter's automobile was proceeding eastwardly at a rate of speed which he described as 62 miles per hour, and which witnesses not in his automobile but in the automobile of Shuttleworth described as being 65 to 75 miles per hour.

Shuttleworth was driving a Chevrolet on the Tyrone Road and was approaching U. S. 62 intending to make a left turn to Lawrenceburg, Kentucky, when the accident occurred. The witnesses to the collision violently disagreed as to the cause of the accident. According to appellant, when he saw Shuttleworth approaching U. S. 62, he assumed that Shuttleworth would stop at the stop sign. However, Shuttleworth did not do so but drove out onto the highway and into the lane in which appellant was traveling. Then appellant attempted to brake his car and to veer to the right in order to miss the Shuttleworth automobile. The left rear portion of appellant's automobile came into contact with the left rear fender and back end of the Shuttleworth automobile and it then glanced off the Shuttleworth automobile, traveled across the triangular plot where the stop sign was located, and skidded 95 feet over a slight embankment and overturned at a J. T. S. Brown sign. One of the two passengers riding in appellant's car, Tankersley, lost his life.

The witnesses for appellees insist that Shuttleworth stopped his automobile at the intersection of Highway 62 and the Tyrone Road. They insist that appellant's car was coming at a high rate of speed, skidding sort of sideways, and that it crashed into Shuttleworth's vehicle while it was still on the Tyrone Road.

It is the contention of appellant that despite the oral testimony of appellees' witnesses, the physical facts are such that their testimony is without any probative value and that, therefore, the trial court should have directed a verdict in appellant's favor. This claim is based upon the argument that it was a physical impossibility for appellant's automobile to have struck the rear end of the Shuttleworth car if it was stopped as Shuttleworth claimed it was, even with the stop sign and with a very small portion of its front in the approach lane of U. S. 62. The contention is that Baxter's automobile could not have hit the rear end of the Shuttleworth car at that location

and then hit the stop sign and wind up at the J. T. S. Brown sign. It is further argued that the Shuttleworth car could not have ended up after the collision on the approach lane of U. S. 62 facing toward Lawrenceburg as it did without hitting the stop sign, whereas the proof showed that it did not hit the stop sign.

The crucial element in the decision of the jury no doubt was the testimony of Trooper Higgins of the State Police. He testified that the point of impact between the two automobiles was approximately 9 feet south of the approach lane of U. S. 62. He had examined the skid marks left by the Baxter car and found that they extended for 91 feet west of the point of impact and 95 feet east after impact was made. He determined that the Shuttleworth car was moved 18 feet by the impact and that it came to rest in the approach lane of U. S. 62 facing toward Lawrenceburg. When asked for an explanation as to how the Shuttleworth car could have come to rest at the point where it did, assuming that the point of impact to which he had testified was correct, without hitting the stop sign, he stated, "All I can say is it looked like it was far enough out in the road when it swung around it didn't reach the stop sign, was out from the stop sign." Since there was evidence that the Tyrone Road at the point of impact was 34 feet in width the jury could have reasonably inferred that Officer Higgins meant that the Shuttleworth car was far enough out in the left lane of the Tyrone Road to avoid striking the stop sign when it was hit by the Baxter car.

We are of the opinion that the admitted physical facts and the verbal testimony of Officer Higgins, Shuttleworth, Wilson, and O'Nan are not so diametrically opposed as to make their verbal testimony unbelievable. Therefore, the case of Kentucky Transport Corporation v. Spurlock, Ky., 354 S.W.2d 509 (1961), and other similar cases cited by appellant are not applicable. Although the evidence strongly

indicates that Shuttleworth's car had pulled out into Highway 62 at least partially, and that this was the reason for Baxter applying his brakes and skidding as he did, this Court cannot disturb the findings as to the weight given to the testimony and other proof by the jury.

■ Appellant contends vigorously that the jury verdict is invalid, inasmuch as the nine jurors who signed the verdict fixing damages were not the same nine jurors who found that appellant was the sole cause of the accident. Appellant relies upon Section 248 of the Constitution, KRS 29.330, and CR 48, all of which require a less than unanimous verdict to be signed by all of the jurors who agree with the verdict. Appellant states that since only six of the jurors who signed the liability verdict also signed the damages verdict, the damages verdict was in fact signed only by six jurors.

Counsel for appellant failed to call the attention of the Court to KRS 29.335, which provides as follows:

"The verdict shall be written, signed by the foreman, and read by the clerk to the jury, and the inquiry made, whether or not it is their verdict. If more than one-fourth disagree, the jury must be sent out for further deliberation; but if no disagreement be expressed, and neither party require the jury to be polled, the verdict is complete and the jury discharged from the case."

Appellant has cited several cases from foreign jurisdictions such as Clark v. Strain, 212 Or. 357, 319 P.2d 940; Nelson v. Superior Court, 26 Cal.App.2d 119, 78 P.2d 1037; and McCauley v. International Trading Company, 268 Wis. 62, 66 N.W.2d 633. All of these cases hold that, where a jury is required to return a special and general verdict and the two verdicts are not signed by the same jurors, and where counsel for the objecting party has not waived the polling of the jury and made timely ob-

jection, the jury's verdicts must be set aside.

■ It is the law in Kentucky, as in other jurisdictions, that failure to poll the jury waives irregularities in a jury verdict but does not waive a void jury verdict. See Davis v. Stone, 172 Ky. 696, 189 S.W. 937. That case points out the rule as to certainty and definiteness in a verdict and citing from 38 Cyc. 1877, points out that a verdict is bad which is so uncertain or indefinite as not to base a legal judgment thereon or is inconsistent and illogical.

In order to hold Baxter liable for all of the damages incurred by Shuttleworth and Tankersley's estate, at least nine members of the jury who rendered the verdict for damages against Baxter had also to render a verdict finding him to be the sole cause of the accident. Although the trial judge entered judgment on the date of the return of the verdict, apparently the form of the verdict was not made known to him on that date but two days later. This seems a little odd in view of the fact that the judgment recites the two verdicts, but according to counsel for appellants this mistake must have resulted because the signatures of the members of the jury approving the verdicts were not read by the Court. Possibly the unfortunate mix-up was due to the fact that the verdict was returned late on Saturday afternoon, and to the further fact that the trial judge had no reason to anticipate under the instructions which he had given that there would be such a verdict as was returned here. Nevertheless, we believe that the verdict reached by the jury is void and a new trial shall be granted. See Davis v. Stone, supra, and Anderson's Ex'x v. Hockensmith, Ky., 322 S.W.2d 489 (1959).

The judgment is reversed and the action remanded for a new trial.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY and PALMORE, JJ., concurring.