## Vogg v. Commonwealth.

October 8, 1948.

Ben V. Smith & Son and V. O. Blackburn for appellant.

A. E. Funk, Attorney General, and Zeb A. Stewart, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellant, Fred M. Vogg, and Robert Moody were prisoners in the Pulaski County jail on felony charges in December, 1947. While the jailer, T. C. Decker, was superintending the cleaning of the jail they brutally assaulted him, took his keys, locked him in a cell and escaped. On his separate trial, Vogg was convicted of the crime of maliciously striking another with a deadly weapon with intent to kill, KRS 435.170(2), and sentenced to ten years' imprisonment.

There is evidence that these men had been plotting the attack and escape for several days. The jailer's testimony is that Vogg first grabbed him and was probably the first one to strike him, though he could not say for sure. Both men beat him with their fists and when he fell, Vogg straddled him, choked him and gagged him by stuffing a handkerchief in his mouth. He kicked him under the chin and on the body. Moody did substantially the same things. It was Vogg who took his bunch of keys. Decker became unconscious. Another prisoner corroborated Decker, adding that both men beat his head against the floor and that Vogg struck him with

the keys in the face and head. Res gestae evidence adds corroboration.

The defendant, Vogg, who was a paratrooper in the late war, testified that Moody grabbed Decker "like they teach in the army" and somehow, but without any attempt at explanation, he, Vogg, fell underneath Decker and thereby got blood on his shirt. He testified that he did nothing except escape when he saw the opportunity.

It is apparent that the evidence sustains the verdict of guilt as a principal, and that no error was committed in failing to confine the instructions only to an issue of guilt as an aider and abettor of Moody. The omission of an instruction on that character of participation was to the defendant's advantage.

It is submitted that it was error to instruct on assault with a deadly weapon, since hands and feet are not deadly. Reliance is placed on McIntosh v. Commonwealth, 275 Ky. 126, 120 S. W. 2d 1031 and cases cited therein which so declare. The error in that case, and perhaps in the others, was that the instructions assumed hands and feet or some other instrumentality to be deadly weapons per se. Such instrumentalities are to be regarded as within the term "deadly weapon" only when used in such manner and in such circumstances as are reasonably calculated to produce death. The records are full of cases in which men were killed by choking or kicking or stomping. And a bunch of jail keys when used as a bludgeon may be as deadly as brass knucks or a slung shot. The character and nature of the injuries inflicted on this victim were so severe as to cause his unconsciousness, and his doctor expressed the opinion that for two hours or more he believed the man would die. At any rate, the court submitted the issue of the deadly character of the means employed in the assault in an instruction which has been often approved. Section 843, Instructions to Juries, Stanley; Cosby v. Commonmealth, 115 Ky. 221, 72 S. W. 1089, 24 Ky. Law Rep. 2050.

The judgment is affirmed.