**Donald FRANKLIN and Mary Jane Franklin, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

As Modified on Denial of Rehearing Feb. 16, 1973.

———◆———

Walter B. Smith, Joseph A. Biagi, Shelbyville, for appellants.

Ed W. Hancock, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Justice.

The appellants, Mary Jane Franklin and Donald Franklin, were jointly indicted and tried with Jack Johnson in the Shelby Circuit Court for the multiple offenses of receiving stolen property and possession of dangerous drugs. Jack Johnson did not appeal his conviction. Mary Jane Franklin was convicted of one offense of possession of dangerous drugs and sentenced to five years in the penitentiary and a fine of $5,000. She was convicted of two offenses of knowingly receiving stolen property and sentenced to one year's confinement in the penitentiary upon each offense. Donald Franklin was convicted of one offense of possession of dangerous drugs and sentenced to confinement in the penitentiary for five years and a fine of $5,000. He was convicted of eight offenses of knowingly receiving stolen property and sentenced to confinement in the penitentiary for one year for each offense. Because of the complexity of the issues raised upon this appeal we will deal with the two appellants separately.

First, Mary Jane Franklin contends that her conviction for possession of dangerous drugs should be set aside because the proof was not sufficient to show that she was in possession of the drugs. The parties are husband and wife. Evidence for the Commonwealth establishes that they live on a farm. Mary Jane was a school teacher, teaching in the Jefferson County school system. Donald farmed the place upon which they lived and in addition did custom farm work by way of filling siloes, baling hay, etc., for others.

The marijuana which is the subject of the charges against the parties was discovered by officials in the course of a search of the farm. It was discovered in a barn some distance away from the dwelling house packaged in plastic bags and concealed in burlap bags and a lard can. Donald used the barn frequently in the course of his farming operations. Mary Jane denied that she was ever about the barn and denied that she had any knowledge of the marijuana in the barn or anything else for that matter. The Commonwealth did not prove that Mary Jane frequented the barn or had any reason to be there. The Commonwealth, in its brief, contends that since the deed to the farm was to Donald and Mary Jane in joint tenancy, Mary Jane was in constructive possession of the marijuana along with her husband, Donald, and cites Rupard v. Commonwealth, Ky., 475 S.W.2d 473 (1971), in support of this position.

We have reexamined the Rupard case and find that it does not stand for the proposition that the owner of property can be convicted of constructive possession of drugs found thereon merely because of his ownership. In the Rupard opinion we cite a lengthy annotation upon the subject contained in 91 A.L.R.2d 810. An analysis of the cases contained in this annotation

would indicate that the general rule relating to the possession of dangerous drugs is that the possession need not be exclusive. Two or more persons may be in possession of the same drug at the same time and this possession does not necessarily have to be actual physical possession. It may be constructive as well as actual. We have found no cases where the owner of property has been convicted of possession of drugs without proof that he knew or should have known that the drugs were on the property, nor have we found any cases where the wife was convicted when the drugs could have been in the exclusive possession of the husband. In fact we have found no case sustaining a defendant's conviction of illegal possession of drugs where the proof did not establish either directly or by strong inference that the defendant had knowledge of the presence of the drug.

We do not believe the Commonwealth has sufficiently shown that Mary Jane Franklin had knowledge of the presence of the marijuana in the barn. For this reason the conviction for the possession of dangerous drugs will have to be reversed as to Mary Jane Franklin.

Mary Jane was convicted of two offenses of knowingly receiving stolen property. The property here involved is a television set and some storm windows. She now contends the evidence was not sufficient to support the verdict.

The evidence is conflicting but we are of the opinion that the jury could well have believed that she had knowledge that the property was stolen. There is no conflict with the assertion that she had it in her possession and was involved in a transaction relative to the sale of one of the television sets.

She contends upon this appeal that the Commonwealth did not establish that the property was stolen. It appears from an examination of the record that her attorney, in chambers, stipulated that the property was stolen and agreed to waive the re-

quirement that the Commonwealth bring in victims of the thefts to establish this fact. Mary Jane now contends that her attorney had no right to make such concession and that, since this took place in chambers out of her presence, it deprived her of the right to be present at her trial and the judgment should be reversed. She cites in support of this contention Section 11 of the Kentucky Constitution, along with Powell v. Commonwealth, Ky., 346 S.W.2d 731 (1961). We have examined the Powell case. The facts of that case reveal that the verdict was received and a death penalty imposed while the defendant's attorney was temporarily absent from the court room. We do not believe that was a comparable situation to the one here before us.

■ Trial practice requires during the course of the proceeding on many occasions that counsel confer with the court. As a matter of practice, historically and traditionally, these conferences have been held out of the presence of the jury and in many instances without the presence of the parties to the litigation. There is nothing unusual about this procedure and we do not believe that it in any way deprives the accused in a criminal proceeding of his right to be present at his trial.

The fundamental rights involved here are the right to meet one's accusers face to face, the right to cross-examine, and the right to be present before the court when important decisions are being made relating to one's liberty. We do not believe appellant was denied any of these rights.

■ The stipulation that counsel made relative to the proof likewise did not violate any constitutional right. It is not contended that the Commonwealth could not have proved the television sets in question were stolen. All counsel's stipulation did was to save time and avoid the delay that would have been involved in producing the witnesses.

■ Appellant makes other contentions of error. She objects to the fact that the

trial court did not grant her and her husband a separate trial from that of Jack Johnson. She also objects to the order of the court trying all ten indictments at the same time.

We find no merit in these contentions. This was a matter that addressed itself to the discretion of the trial court. We find no abuse of that discretion.

■ Both appellants contend the judgment should be reversed because the trial court admitted certain hearsay evidence. No objection was made at the time and this question was not properly preserved for appellate review.

The judgment convicting Mary Jane Franklin of knowingly receiving stolen property on two counts and confining her in the penitentiary for one year on each of said counts is affirmed. The judgment for possession of dangerous drugs sentencing her to five years in the penitentiary and a fine of $5000 is reversed.

Donald Franklin basically makes the same contentions relative to his conviction for knowingly receiving stolen property as those made by Mary Jane Franklin. Therefore, we will not deal with these contentions separately as our answer to Donald would be the same as our answer to Mary Jane. Therefore, the portion of the judgment against Donald confining him to the penitentiary for one year on each of eight counts for knowingly receiving stolen property is affirmed. We are of the opinion that the evidence against Donald was sufficient to support his conviction of possession of dangerous drugs. However, we are of the further opinion that the case will have to be remanded to the circuit court for resentencing because of a defect in the verdict.

The verdict of the jury finding Donald guilty read as follows:

"One (1) offense of possession of dangerous drugs—confinement for *five years* and/or by a fine of *$5,000.00.*" (Emphasis added).

■ The trial court submitted a prepared verdict to the jury. Since the punishment for possession of dangerous drugs carries both a fine and a penitentiary sentence, the form verdict was apparently prepared in this form with the idea that the jury could give both time in the penitentiary and a fine or could give one without the other. This was done by the use of the "and/or" phrase. It may have been that the trial court anticipated that the jury would strike either the word "and" or "or" thus completing the verdict, however, this would not accomplish the desired result. If the word "and" had been stricken from the verdict, the result would have been a term of five years or a fine of $5000 thus requiring the trial court to elect which should be imposed, thereby rendering the verdict ineffective. It appears the form of the verdict as presented could be considered calculated to encourage the jury to give both imprisonment and fine. We find the verdict as it was rendered by the jury patently unintelligible and impossible for the trial court to interpret without speculation insofar as the degree and extent of punishment are concerned.

■ There is no doubt about the verdict insofar as the jury finding the defendant guilty. This court has held through a long line of cases that formal defects in a verdict are waived by the accused's allowing the discharge of the jury without moving the court to recommit the jury for the correction of the verdict. See Gillum v. Commonwealth, Ky., 121 S.W. 445 (1909); Williams v. Commonwealth, Ky., 140 Ky. 34, 130 S.W. 807 (1910); Underhill v. Commonwealth, Ky., 289 S.W.2d 509 (1956). Since the verdict in this case is only defective as it relates to the punishment to be inflicted and as the right to have the jury fix the punishment in this jurisdiction is procedural, RCA 9.84, we are of the opinion that it can be waived. It is generally held that an accused in a

criminal prosecution has the right to object to an insufficient verdict but failure to do so waives any defect in the verdict. See 23A C.J.S., Criminal Law, § 1416.

·"Accused has the right to object to an insufficient verdict and to insist that the defects or omissions therein be corrected. On the other hand, although no duty rests on an accused to have corrected a faulty verdict returned against him, the rendering of a verdict is subject to the same rules with respect to objections, exceptions, and waivers as apply to all other parts of the trial, and defects in the verdict or in the reception thereof may be waived by accused.

"An informal verdict should be objected to when it is returned, and the attention of court called to its defective form so that it may be corrected, and if accused allows the discharge of the jury without raising his objection, and without moving for a correction of the verdict, he thereby waives formal defects in the verdict; but he does not waive his right to object on the ground that the verdict does not respond to his special plea. A failure to object to a defective verdict when it is rendered waives the right to move for a venire de novo. An exception to a verdict that it is contrary to the law and the evidence is not sufficiently specific.

"An objection that the sentence is not supported by the verdict, when properly construed, is not waived by a failure to object to the form of the verdict, or to its reception by the court."

We are of the opinion that Donald's failure to object to the form of the verdict waived his right to have the jury fix the punishment. Since it is apparent that the trial court based the judgment upon the defective verdict it will have to be set aside and the case remanded to the trial court to fix punishment as if a guilty plea had been entered without regard to the verdict.

Therefore, the case against Donald is affirmed as to the eight counts of knowingly receiving stolen property and remanded to the circuit court for the fixing of punishment and judgment on the one offense of possession of dangerous drugs.

The judgment is affirmed in part, reversed in part, and the case remanded for further proceedings.

All concur.