**Billy Joe PRINCE a/k/a Joe Bill Prince, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 20, 1978.

As Modified on Denial of Rehearing Jan. 26, 1979.

William F. Moore, Jr., R. B. Bertram, David C. Hull, Gordon T. Germain, Bertram & Bertram, Monticello, for appellant.

Robert F. Stephens, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, Eddie C. Lovelace, Commonwealth Atty., 40th Judicial Dist., Albany, for appellee.

Before MARTIN, C. J., and HOWERTON and LESTER, JJ.

LESTER, Judge.

Billy Joe Prince was convicted of assault in the first degree and sentenced to five years in the penitentiary. From that judgment of conviction, this appeal ensues assigning as error that the verdict was unsupported by sufficient evidence, that an improper instruction was given and that the sentencing order was erroneous.

The appellant engaged in a fight with one Billy Joe Elam wherein the latter sustained multiple cuts on his legs, face, back and other areas of his body. The altercation ended with Elam in a prone position on his back on the ground and Prince throwing a flower pot in his face. Appellant was indicted for assault in the first degree in violation of KRS 508.010, tried and convicted.

At the conclusion of the evidence, the court instructed the jury under all three degrees of the offense as well as assault under extreme emotional disturbance. The jury retired and returned a verdict which, in its entirety, says:

We the jury find the defendant guilty and fix his funishment (sic) at 5 years.
/s/ Jack C. Roberts
Foreman

At the end of the transcript of evidence, we note that subsequent to the last question, upon cross-examination by defendant of a prosecution rebuttal witness, the following appears:

Mr. Lovelace: The Commonwealth rests, your Honor.

(The Court admonished the jury and adjourned for lunch)
(The Court instructed the jury)
Stenographer's Certificate

There is no transcript of the closing arguments, nothing to show that the jury was polled or discharged and no record of any post verdict motions or objections, if such had been made. The trial concluded on November 18, 1977, and on the same day, the court entered a form criminal trial order and jury verdict. The formal judgment was not entered until December 7, 1977, and even though appellant states, by way of brief, that he was appealing from the "judgment" of November 18th he, nevertheless, included as the single entry in his appendix the final judgment.

Appellant's notice of appeal recites that he is appealing from the "final judgment" entered on November 18, 1977. Since there was only one final judgment adverse to the appellant from which he could have appealed, we will treat the notice of appeal as having sufficiently designated the final judgment of December 7, 1977. Moreover, appellee made no motion to dismiss the appeal before this court.

On November 19, 1977, the defendant below filed a motion for a new trial wherein he assigned as two of his grounds:

2. That the Court erred in giving Instruction No. 1 because the same was not supported by competent medical evidence.

3. That the verdict of the jury is defective in that the jury failed to state the Instruction under which they found the defendant guilty.

It will be recalled that the jury made no finding as to which degree of assault they found him guilty but they set his punishment at five years. On the other hand, the trial order and the final judgment both recited that Prince had been convicted of first degree assault and imposed the five year penalty. KRS 508.010 is a Class B felony carrying with it a minimum of ten and a maximum of twenty years in the penitentiary. Although the record fails to

disclose any proceedings in the trial court subsequent to the jury being instructed, we cannot say whether the verdict, which was violative of RCr 9.82(1), was objected to or not before the jury was discharged. For that matter, nothing in the transcript or record reflects that the panel was actually discharged. In any event, the error was brought to the court's attention within twenty-four hours.

Despite its awareness of the wrong penalty being imposed for the offense charged, the court overruled the motion for a new trial on December 7, 1977, and on the same day, sentence was imposed. The proceedings, attendant upon the sentencing, were transcribed and we note that the court alluded to the motion and grounds for a new trial.

 It has long been the law of this jurisdiction that the failure to object to the jury's failure to designate the degree of the offense in its verdict prior to the discharge of the panel coupled with the error's omission as a ground in a motion for a new trial is fatal to preservation for appellate review. *Gillum v. Commonwealth,* Ky., 121 S.W. 445 (1909); *Foster v. Commonwealth,* Ky., 507 S.W.2d 443 (1974); 23A C.J.S. *Criminal Law* § 1416. Since the verdict rendered regarding the punishment can in no way be reconciled with the judgment of conviction of first degree assault, we believe the error to be one of substance as compared to those of the procedural type as is addressed in *Franklin v. Commonwealth,* Ky., 490 S.W.2d 148, 151 (1972); we are unable to determine if any steps whatsoever took place subsequent to the jury being instructed, but we are aware that within the shortest time possible (the next day) a motion and grounds for a new trial was filed including the error. We hold that the issue was preserved for our consideration and that reversal is required.

 Concerning the question of lack of medical evidence, we note that one of the necessary elements to be proven is the infliction of serious physical injury which has been defined by KRS 500.080(15) as the creation of a substantial risk of death, or serious and prolonged disfigurement, prolonged impairment of health or prolonged loss or impairment of the function of any bodily organ. We are not prepared to hold that medical proof is an absolute requisite to prove serious physical injury, but do conclude that KRS 500.080(15) sets a fairly strict *level* of proof which must be met by sufficient evidence of injury, medical and/or non-medical, taken as a whole, before an instruction on first-degree assault may be given. *Compare Luttrell v. Commonwealth,* Ky., 554 S.W.2d 75 (1977).

In *Franklin, supra,* there was no doubt as to what offense the appellant had committed, and the issue was merely a procedural one as to the correct punishment and the cause was remanded for resentencing. In the present appeal, the error was substantive and we are unable to determine of what crime the appellant was convicted, and accordingly, we believe the motion for a new trial should have been granted.

The judgment is reversed and the case remanded with directions to grant a new trial.

All concur.