Carlos Elzy JOHNSON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 94–CA–001799–MR.

Court of Appeals of Kentucky.

April 12, 1996.

Discretionary Review Denied by Supreme Court Aug. 21, 1996.

C. McGehee Isaacs, Covington, for appellant.

Chris Gorman, Attorney General, E.M. Lowery, Assistant Attorney General, Frankfort, for appellee.

Before LESTER, C.J., and DYCHE and EMBERTON, JJ.

EMBERTON, Judge.

The appellant, Carlos Elzy Johnson, was convicted of first-degree assault and sentenced to ten years in the penitentiary after allegedly beating, squeezing and dropping his two-month-old son causing him serious injury. On appeal, Johnson alleges: (1) that his hand is not a dangerous instrument as defined under Ky.Rev.Stat. (KRS) 500.080(3); (2) that the evidence was insufficient to show that the child suffered "serious physical injury" as defined under KRS 500.080(15); and (3) that under the facts, he was entitled to an instruction on criminal abuse in the first, second and third degrees.

While his wife worked Johnson baby-sat and cared for his two-month-old son. Apparently becoming frustrated over the baby's crying, Johnson struck the child on the forehead with his hand. The baby stopped crying for a brief period but soon started again. On this occasion Johnson took the baby from its crib, wrapped it in a blanket, then pulled its arms tightly around it stopping only when he heard a popping sound. The record indicates the baby stopped crying soon after this incident, but sometime later started again. It was at this point Johnson stood and, holding the baby out from his own body, intentionally dropped it feet first to the floor. Again, the record reflects that the baby stopped crying. However, becoming concerned he had injured the child, Johnson called his wife and told her of dropping the baby. He described to her the child's condition as being alert and showing no signs of distress. Both apparently assumed the baby had not suffered injury and did not seek medical attention for it.

While the Johnsons were in Louisville on the following day, Mrs. Johnson took the baby to Kosair Hospital ostensibly to be examined for a jaundice condition the child had previously suffered. Upon examination medical personnel at the hospital noticed he was black around his eyes and that his cheeks and forehead were bruised. An x-ray and CT examination revealed the baby had a large skull fracture with underlying bruising of the brain, bleeding, and swelling. Four ribs were found to be fractured, the right forearm was broken and the femur was broken in both legs.

Dr. Tracey Corey–Handy stated that she saw the baby at Kosair Hospital at the re-

quest of Social Services. In her opinion, the baby's injuries were attributable to trauma far more severe than those related by appellant. She stated she had seen other children die from similar injuries, although it was her opinion that this baby was not in danger of death and that there was no permanent injury.

Although initially appellant had told police that while holding the baby he accidentally dropped it, after being confronted with the medical findings he admitted to intentionally dropping the baby, and that he also had intentionally squeezed and struck him.

Appellant's first claim of error is that the only instrument proven to have been used to injure the baby was his hand and that his hand alone is not a dangerous instrument as used in KRS 500.080; therefore, he concludes that under KRS 508.010(1)(a) he could not have been found guilty of first-degree assault.

"Dangerous instrument" means any instrument, including parts of the human body when a serious physical injury is a direct result of the use of that part of the human body, article, or substance which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious physical injury[.]

KRS 500.080(3).

There is nothing in the statute, or anywhere that we have found, supporting appellant's hypothesis that the defendant must be a martial arts expert in order for the human hand to be considered a dangerous instrument.

We believe the inclusion of parts of the human body as dangerous instruments depends on the facts of the case and the capability of the body part to "cause death or serious physical injury." *Cooper v. Commonwealth,* Ky., 569 S.W.2d 668 (1978). It is true that a strike with an untrained hand to an adult is unlikely to cause death or serious injury, while the hand of one trained in martial arts may be considered a dangerous instrument. However, in the present case, appellant was an adult who struck a two-month-old infant with his hand and, as the evidence suggests, traumatized the baby on more occasions than just those to which he has confessed. The threat to the life of such a small baby caused by appellant's actions need not be pointed out by this court. We are convinced this is precisely the kind of assault the legislature believed justified increasing the degree of such an offense.

Johnson argues that the injuries he inflicted upon the baby were not so serious as to sustain a conviction for first or second-degree assault. KRS 500.080(15) defines "serious physical injury" as being:

... physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ[.]

Dr. Corey–Handy testified to the extent of the baby's injuries. Although lay testimony may be considered, medical testimony is the preferred method of proving the serious physical injury requirement. *Prince v. Commonwealth,* Ky.App., 576 S.W.2d 244 (1978). Dr. Corey–Handy testified that the baby survived the trauma without prolonged injury and that there was evidence the baby is presently alert and healthy. She also testified, however, of seeing children die from similar injuries. The injuries inflicted on this baby leave no doubt that broken bones, head injuries, and fractured ribs are injuries which created a substantial risk of death. In fact, we are amazed that this tiny baby was able to survive such trauma. We find no error in the trial court's submission of the case to the jury on the charge of first-degree assault. "If under the evidence as a whole it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal." *Trowel v. Commonwealth,* Ky., 550 S.W.2d 530, 533 (1977).

Finally, appellant alleges that he was entitled to instructions on first, second, and third-degree criminal abuse. Criminal abuse is not a lesser included offense of assault and is warranted only if supported by the evidence. *Commonwealth v. Chandler,* Ky., 722 S.W.2d 899 (1987). Appellant ad-

mitted that he dropped, beat, and squeezed the baby. Although the Commonwealth could have sought an indictment for criminal abuse since the baby was in custody of the appellant, the use of a dangerous instrument made it appropriate for the Commonwealth to charge him with assault.

The conviction is affirmed.

ALL CONCUR.