RENDERED: MAY 22, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1426-MR

RANDALL PRICE                                                    APPELLANT

APPEAL FROM KENTON CIRCUIT COURT
v.       HONORABLE PATRICIA M. SUMME, JUDGE
ACTION NO. 14-CR-00997

COMMONWEALTH OF KENTUCKY                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND EASTON, JUDGES.

EASTON, JUDGE: Randall Price (Price), *pro se*, appeals from an Order of the

Kenton Circuit Court denying his latest post-conviction motion. Over a decade

ago, a jury convicted Price of First-Degree Assault[1] and First-Degree Robbery.[2]

Price now argues that his assault conviction should be vacated because he has

---

[1] Kentucky Revised Statutes (KRS) 508.010.

[2] KRS 515.020.

"newly discovered evidence" that serious physical injury, standing alone, does not sustain a conviction for First-Degree Assault. He also repeats claims that his assault conviction was improper because it was based on inconsistent findings of intentional and wanton conduct and was precluded by double jeopardy. Finally, Price believes he was denied effective assistance of counsel because appellate counsel failed to raise issues in his prior appeals. We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

This case has a long history. Price has filed multiple motions with appeals and a federal court action relating to this case. Several preceding opinions in both state and federal courts thoroughly describe the factual and procedural history. We will discuss only the details of the case particularly relevant to this appeal.

Price was indicted in 2014 on charges of First-Degree Assault and First-Degree Robbery. He was tried before a jury and convicted on both counts. He was sentenced to 20 years for the assault and 10 years for the robbery to be served consecutively for a total sentence of 30 years. Price appealed the judgment to the Supreme Court of Kentucky. In that direct appeal, Price argued he was entitled to a directed verdict on the First-Degree Robbery charge because there was no evidence to establish that he had committed theft of the victim's wallet. The Supreme Court disagreed finding sufficient evidence that Price stole the victim's

wallet after beating him, and that the beating Price inflicted upon the victim satisfied the "use of physical force" and injury elements sufficient to support a conviction for First-Degree Robbery.

Price also argued in his direct appeal that he should have been granted a directed verdict on the First-Degree Assault charge, in part, because the Commonwealth failed to prove the victim suffered a serious physical injury. Our Supreme Court disagreed, noting that the victim suffered devastating injuries to his facial bones, eye, and mouth. His cheekbone was free-floating as no longer attached to the related facial muscles. His face was deformed. Medical testimony established that the victim suffered a permanent loss to his mouth's range of motion.[3] *Price v. Commonwealth*, No. 2015-SC-000469-MR, 2016 WL 7665874 (Ky. Dec. 15, 2016).

In 2017, Price filed a Motion to Vacate, Set Aside, or Correct Judgment pursuant to RCr[4] 11.42. Price alleged multiple claims of ineffective assistance of counsel. The circuit court denied the motion. Price appealed to this

---

[3] As noted by our Supreme Court, one of the first responders to the scene testified that the victim was bleeding from his head, barely breathing, and not moving. The victim's recovery from the assault was exacerbated by alcohol withdrawal symptoms and preexisting conditions of Hepatitis C and Cirrhosis of the liver. A few months after the assault, and before the trial, the victim succumbed to his liver disease and died at the age of fifty-nine.

[4] Kentucky Rules of Criminal Procedure.

Court, and this Court affirmed in *Price v. Commonwealth*, No. 2020-CA-0166-MR, 2021 WL 1932722 (Ky. App. May 14, 2021).

Price next filed a 28 U.S.C.[5] § 2254 habeas corpus petition in the United States District Court, Eastern District of Kentucky, where he claimed his convictions for First-Degree Robbery and First-Degree Assault violated the Double Jeopardy Clause. Price argued to the federal court, as he again argues here, that his assault charge did not contain an additional element that is not already contained in the robbery charge.

The federal district court concluded that Price had failed to exhaust state court remedies with respect to his double jeopardy claim. Price did not assert a double jeopardy claim on direct appeal to the Supreme Court of Kentucky or in his motion for collateral relief filed in 2017 under RCr 11.42. Instead, Price first raised the issue in his brief appealing the trial court's denial of his RCr 11.42 motion. This failure to properly present this claim led to this Court rejecting the claim without addressing it. The federal district court held that "[b]y failing to raise his double jeopardy claim, either on direct appeal or before the trial court in his Rule 11.42 motion, Price did not 'fairly present[ ] his claim[ ] to the state courts.'" *Price v. Green*, No. CV 2:21-142-DCR, 2023 WL 4703327 at *3 (E.D.

---

[5] United States Code.

-4-

Ky. Jul. 24, 2023) (citing *Geneva v. Lazaroff*, 77 F. App'x. 845, 849 (6th Cir. 2003)).

Despite this procedural flaw, the federal district court analyzed the claim and determined that Price's convictions under KRS 508.010 and KRS 515.020 did not violate the prohibition against double jeopardy. *Id*. at *4. The Sixth Circuit denied Price's request for a certificate of appealability. *Price v. Green*, No. 23-5749, 2024 WL 752750, at *3 (6th Cir. Jan. 23, 2024).

In 2024, Price filed a prior motion pursuant to CR[6] 60.02 and RCr 10.26 in which he claimed his convictions violated constitutional and statutory double-jeopardy prohibitions. Specifically, Price argued that the "conviction of Assault First and Robbery First based on the same assault and the same facts with no intent to injure only to rob violates the defendants double jeopardy rights and a merger and vacation of the assault charge is required in the interest of justice and due process."[7] Price claimed the assault only facilitated the robbery and thus he could not be convicted of more than one offense because one offense is included in the other. Price summarized that, due to counsel's failure to raise this issue, he had to raise it *pro se* in his prior appeals to this Court and in his habeas corpus petition (overlooking that the argument was found to be without merit once raised).

---

[6] Kentucky Rules of Civil Procedure.

[7] Trial Record (TR) at 457.

The circuit court found no double jeopardy violation or ineffective assistance of appellate counsel (IAAC). In rejecting Price's double jeopardy argument, the circuit court found that the conviction of either the assault or the robbery in this case required proof of an element not required to prove the other. The conviction of robbery required proof of a theft, which was not required to convict for assault. The conviction for assault required proof of serious physical injury inflicted intentionally by either use of a dangerous instrument, or while wantonly engaging in conduct creating a grave risk of death, or under circumstances manifesting an extreme indifference to the value of life. This Court affirmed that decision. *Price v. Commonwealth*, No. 2024-CA-1295-MR, 2025 WL 2087292 (Ky. App. Jul. 25, 2025).

In August 2025 (before the ink was dry on the prior appellate decision), Price filed yet another motion under RCr 11.42, arguing he received IAAC for appellate counsel's failure to raise issues on appeal, including the double jeopardy argument and a lack of a unanimous verdict. Price also sought relief under CR 60.02(b) and (f), alleging his conviction should be vacated based on "newly discovered evidence" that serious physical injury, standing alone, was insufficient to sustain his conviction. Price also insisted he could not

-6-

simultaneously be wanton and intentional as to the assault and robbery, respectively, which appears to be part of his unanimous verdict complaint.[8]

The circuit court denied the latest motion without a hearing. The circuit court explained that the jury was instructed that it could convict Price of First-Degree Assault only if it believed, beyond a reasonable doubt, that he intentionally caused serious physical injury to the victim and either his fists and/or shoes (feet) were a dangerous instrument, or that, in so doing, he was wantonly engaging in conduct which created a grave risk of death to another, or acting under circumstances manifesting an extreme indifference to the value of human life. The jury properly convicted Price, and the conviction was affirmed by the Supreme Court of Kentucky.

As to the IAAC claims, the circuit court determined that the double jeopardy issue was addressed in depth and rejected in its earlier CR 60.02 Order, which was affirmed by this Court. As to any contention that a combination instruction which permits a guilty verdict even if some jurors believe the actions were intentional and others wanton, the circuit court cited established Kentucky

---

[8] We have had to construe the substance of Price's arguments in part because we have had to wade through irrelevant material, such as Price telling a story about when he was gifted with beef jerky, which he took as a sign for something. As an example of extraneous material, Price refers to RCr 10.02 at p. 1 of his Appellant Brief, but the Motion filed on August 18, 2025, references only CR 60.02(b), (f), and RCr 11.42 in both title and substance. Price fails to make arguments in this appeal related to RCr 10.02, and the circuit court's decision addresses only CR 60.02(b), (f), and RCr 11.42. We will disregard Price's unsupported reference to RCr 10.02.

precedent holding that such "does not deprive the defendant of a unanimous verdict, as required by this State's Constitution, provided that the evidence reasonably supports both theories of the crime." *Malone v Commonwealth*, 364 S.W.3d 121, 130 (Ky. 2012) (citations omitted).

The circuit court further determined that the rule of lenity Price argued applied only where there was an ambiguity or conflict in a penal statute, *Commonwealth v. Colonial Stores, Inc.*, 350 S.W.2d 465, 467 (Ky. 1961), *Commonwealth v. Lundergan*, 847 S.W.2d 729, 731 (Ky. 1993). This rule had no application to this case. This appeal followed.

## STANDARD OF REVIEW

Price once again collaterally attacks his convictions under RCr 11.42 for alleged IAAC. A trial court's denial of an RCr 11.42 motion is reviewed for an abuse of discretion. *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014). An initial RCr 11.42 motion is limited to the issues that were not and could not be raised on direct appeal. *Teague*, *supra*, at 633. An IAAC claim changes the focus to prejudicial failures in appellate practice by an attorney.

Price also again seeks relief from the judgment of conviction under CR 60.02(b) and (f) for alleged "newly discovered evidence" and "any other reason of an extraordinary nature justifying relief." A trial court's ruling on a CR 60.02 motion is reviewed for an abuse of discretion. *Foley v. Commonwealth*, 425

S.W.3d 880, 886 (Ky. 2014). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999).

## BRIEF NON-COMPLIANCE

Before addressing the issues on appeal, we must first discuss the deficiencies in Price's appellate briefs which are non-compliant with the Kentucky Rules of Appellate Procedure (RAP). Price does not specifically and adequately state how and where he preserved any of his arguments in the trial court as required by RAP 32(A)(4). In fact, there are minimal citations to the trial court record in his brief, especially the Argument section.

RAP 32(A)(3) requires that an Appellant's Brief contain "[a] statement of the case consisting of a summary of the facts and procedural events relevant and necessary to an understanding of the issues presented by the appeal, *with ample references to the specific location in the record supporting each of the statements contained in the summary*." (Emphasis added.) Moreover, RAP 32(A)(4) provides:

> An argument conforming to the statement of points and authorities, with ample references to the specific location in the record and citations of authority pertinent to each issue of law and which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner.

Price's Statement of the Case contains no references to the record or preservation statement related to any of his numerous arguments. In his Reply Brief, Price acknowledged these deficiencies but did not remedy them. A review of the extensive record in this case has been made more difficult and time-consuming because of Price's failure to properly adhere to our briefing rules.

This is not Price's first attempt to file an appeal *pro se*. Price's numerous other filings have likewise been non-compliant with RAP and contained many statements unrelated to legal review. While appellate courts have shown leniency for noncompliance when a party is *pro se*, these litigants must demonstrate a "good faith attempt to comport" with the requirements of RAP. *See Hallis v. Hallis*, 328 S.W.3d 694, 697-98 (Ky. App. 2010). Price has failed to demonstrate such a good faith attempt.

Our rules provide various options to address these deficiencies. Pursuant to RAP 10(B):

> [T]he failure of a party to substantially comply with the rules is ground for such action as the appellate court deems appropriate, which may include:
>
> (1) A deficiency notice or order directing a party to take specific action,
>
> (2) A show cause order,
>
> (3) Striking of filings, briefs, record or portions thereof,

(4) Imposition of fines on counsel for failing to comply with these rules of not more than $1,000,

(5) A dismissal of the appeal or denial of the motion for discretionary review, and

(6) Such further remedies as are specified in any applicable rule.

We would be justified if we struck Price's brief and dismissed this appeal. In fact, the Commonwealth has requested dismissal for non-compliance with preservation and citation rules in accordance with our prior decision in *Koester v. Koester*, 569 S.W.3d 412, 414-15 (Ky. App. 2019) (stating that "[i]t goes without saying that errors to be considered for appellate review must be precisely preserved and identified in the lower court" and then "dismiss[ing] [appellant's] appeal for non-compliance").

This Court often struggles with the balance between the constitutional right to be heard on appeal and the important policies of rules to govern practice, which if violated without consequence are weakened. We have chosen a different but related consequence in response to Price's history of non-compliance, which is not just about rules for briefs but also rules against repeated motions. The Commonwealth seeks a directive to the circuit court to deny Price's future requests to proceed *in forma pauperis* regarding these convictions because of his repeated filings of procedurally barred and repetitive post-conviction motions. We believe it should be a sufficient deterrent to grant this request. *In forma pauperis* status

-11-

should be denied when, despite having been advised that successive motions are not permitted, *pro se* litigants just keep filing repeated and overlapping motions. This is justified to prevent waste of limited judicial resources. *Berry v. Commonwealth*, 624 S.W.3d 119, 121-22 (Ky. App. 2021).

If Price wants to file more meritless and repetitive motions and appeals, he will have to pay the full court costs to do so. We also warn Price that future briefs in any appeals may be stricken for continued non-compliance with RAP. There is a limit to how many times our appellate courts can tolerate continued attempts to obtain new results from old, repeated, and meritless claims, especially when the attempts are based on grossly non-compliant briefs. We will try one last time to explain why Price is not entitled to any relief from the judgment in this case.

## ANALYSIS

On appeal, Price raises several issues as grounds for relief under CR 60.02. The first claim we will address relates to "newly discovered evidence." CR 60.02(b) provides relief from a final judgment based on newly discovered *evidence* which by due diligence could not have been discovered in time to move for a new trial under CR 59.02. Price offers no new evidence. Here, Price argues that *cases* decided after his conviction provide a legal argument that serious physical injury, standing alone, is insufficient for a conviction of First-Degree Assault.

To support this claim, Price refers to *McNeil v. Commonwealth*, 468 S.W.3d 858 (Ky. 2015) and the unpublished opinion in *Williams v. Commonwealth*, No. 2015-SC-000370-MR, 2017 WL 634766 (Ky. Feb. 16, 2017). But the Supreme Court of Kentucky did not hold that serious physical injury, standing alone, is insufficient for a conviction of First-Degree Assault in either *McNeil* or *Williams*.

In *McNeil*, the Court held that the convictions for both robbery and assault were lawful despite minor flaws in the jury instructions and error related to certain testimony regarding unauthenticated phone records. *Id.* at 864, 873. As we will discuss in more detail below, the *McNeil* Court also held there was no double jeopardy issue because First-Degree Robbery is not the same offense as First-Degree Assault. *Id*. at 871.

*Williams* concerned a charge of First-Degree Assault only, and the issue on appeal was about jury instructions for a lesser included offense of Second-Degree Assault. The Supreme Court affirmed Williams' conviction of First-Degree Assault because Williams inflicted serious physical injury upon the victim using his hands or feet, or both, in a manner readily capable of causing serious physical injury, thus making them "dangerous instruments" under the statute. The Court clarified that its holding does not suggest a hand or foot is conclusively *always* a "dangerous instrument." But, where an assailant with the specific intent

-13-

to cause serious physical injury succeeds in producing that injury, the proof is self-evident that the object employed to inflict that injury was "readily capable" of producing the expected result. *Id*. at *4.

Neither case cited by Price, nor other caselaw reviewed by this Court, supports Price's argument that there exists "newly discovered *evidence*" in the form of new binding authority rendered after Price's convictions to support the argument that he is entitled to relief from the judgment convicting him of First-Degree Assault.

We construe Price's next argument as one for relief under CR 60.02(f), which provides relief from a final judgment for any other reason of an extraordinary nature justifying relief. Price contends his assault of the victim in this case was part and parcel of the robbery, so punishing him for both the assault and robbery amounts to punishing him twice for the same offense in contravention of his right not to be subjected to double jeopardy. He claims that the force used in one single course of conduct with one culpable mental state cannot be used to convict of two crimes when one charge contains the other. Price now admits his intent for the assault but says that the assault was only for the purpose of accomplishing the robbery. So, he reasons that he is actually innocent of the assault. The circuit court disagreed. The circuit court was correct.

Price previously made the double jeopardy argument before the circuit court, this Court, and the federal district court, to no avail. The circuit court analyzed the double jeopardy claim and determined it was without merit, which decision was affirmed on appeal. While the federal district court could have rejected the claim on procedural grounds, it still analyzed the same claim and determined it lacked merit.

Price regurgitates the same double jeopardy argument in his most recent CR 60.02 and RCr 11.42 motion. Price has no right to obtain multiple decisions saying the same things in response to the same arguments. But in an attempt to bring closure to this ongoing argument, we will briefly analyze the claim again to demonstrate to Price that his repeated assertions fail under Kentucky law, no matter how many times he argues the issue.

The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Section 13 of the Kentucky Constitution both guarantee that no person shall, "for the same offense," be "twice put in jeopardy of his life or limb." The federal provision applies to the states through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784 (1969). And we have held that the Kentucky double jeopardy provision is "identical in [its] import" with its federal counterpart. *Jordan v. Commonwealth*, 703 S.W.2d 870, 872 (Ky. 1985).

-15-

Generally, the prohibition against double jeopardy shields a defendant from a second prosecution for the same offense after either conviction or acquittal, but it also prohibits multiple punishments for the same offense. *Jordan* at 872 (citing *Ohio v. Johnson*, 467 U.S. 493 (1984)). Here, Price has been convicted of two *separate* offenses—First-Degree Robbery premised on theft with use of physical force and resulting injury, and First-Degree Assault premised on intentionally causing *serious* physical injury by means of a dangerous instrument or wantonly causing such an injury. Price has not been prosecuted twice for the same offense. Price has been prosecuted once for two separate offenses. And he is subject to punishment separately for each crime he committed.

The Supreme Court of Kentucky specifically held in *McNeil* that the physical-injury theory of robbery does not subsume assault for double jeopardy purposes. *McNeil*, 468 S.W.3d at 870. The Court recognized that when a defendant's acts violate more than one criminal provision, and the implicated statutes do not make clear whether and to what extent multiple punishments are intended, the United States Supreme Court has developed a default rule, the so-called *Blockburger* test, for determining whether there exists a violation of the double jeopardy prohibition. Under that test, where the same act or transaction constitutes a violation of two (or more) distinct statutory provisions, the test to be applied to determine whether there are two (or more) offenses or only one, is

-16-

whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304 (1932).

In analyzing McNeil's convictions of First-Degree Robbery and First-Degree Assault under *Blockburger*, the Court stated:

> First-degree robbery involving physical injury requires proof of the following elements: (1) in the course of committing a theft, the perpetrator (2) uses or threatens the immediate use of physical force (3) with intent to accomplish the theft, and (4) causes physical injury to a person not a participant in the crime. First-degree assault requires that the perpetrator (1) intentionally (2) cause serious physical injury to another person (3) by means of a deadly weapon or dangerous instrument, or alternatively that the perpetrator (1) manifesting extreme indifference to the value of human life (2) wantonly (3) engage in conduct which creates a grave risk of death to another (4) thereby causing serious physical injury to another person. As just noted, the mental element for the two crimes is different because first-degree robbery requires an intent to deprive someone of his or her property but no intent to injure while first-degree assault requires an intent to injure or wanton conduct presenting a grave risk of death coupled with extreme indifference to human life but no intent to steal. Second, as already noted, first-degree robbery requires merely "physical injury" while first-degree assault requires proof of "serious physical injury." Third, the physical-injury form of first-degree robbery does not require proof as to the cause of the physical injury, while first-degree assault requires evidence of the use of either a deadly weapon or dangerous instrument.

*McNeil*, 468 S.W.3d at 870.

The Supreme Court of Kentucky found no double jeopardy issue in *McNeil* because First-Degree Robbery was not the same offense as First-Degree Assault. The two offenses require two different mental states—an intent to steal on the one hand, and an intent to injure or wantonly injure on the other and require two different levels of injury—serious physical injury for First-Degree Assault, but simply physical injury for First-Degree Robbery. Moreover, the physical injury form of robbery does not require proof of how the perpetrator inflicted the injury such as by using a deadly weapon or dangerous instrument, but First-Degree Assault does. The Court determined that McNeil was lawfully subject to punishment for both offenses because they were not the "same" for double jeopardy purposes. *Id*. at 873.

The facts and analysis in *McNeil* apply directly to Price's double jeopardy argument. Here, Price's indictment for First-Degree Robbery was premised upon KRS 515.020(1)(a), use of physical force with the intent to accomplish a theft and causing physical injury to another person. Theft is not an element of assault. Price's indictment for First-Degree Assault was premised upon KRS 508.010(1)(a), intentionally causing serious physical injury to another person by means of a deadly weapon or a dangerous instrument or wantonly causing such an injury. Each offense requires proof of an additional fact which the other does

-18-

not, which means they are *separate* offenses. There is no violation of double jeopardy.

In conjunction with the double jeopardy argument, Price also claims he is innocent of First-Degree Assault. Again, he cites to *McNeil*, among other cases, to support his argument that he was entitled to a directed verdict on the assault charge. This issue was thoroughly addressed in detail and rejected by the Supreme Court of Kentucky on direct appeal and is therefore procedurally barred.

Price claims it was error to allow the jury to convict him of using a dangerous instrument, which was parts of his body, specifically his fist and tennis shoes. He argues if he had had a knife, a bat, a chair, a chain, a rock, a gun, a brick, a car, or even just steel toed boots, those items would constitute intent on causing serious physical injury, and that the legislature did not intend to include a "regular" fight using only body parts.

In the latest Motion, Price claims IAAC again and "actual innocence," which he utterly fails to show. He failed to make the argument about use of his fists and feet to the circuit court, and the circuit court did not address this issue in the Order from which this most current appeal was taken. This claim is unpreserved, but again we will address it in hopes of deterring further repetitive appeals.

While the Kentucky Supreme Court had previously held that fists and feet do not constitute dangerous instruments, see *Roney v. Commonwealth*, 695 S.W.2d 863, 864 (Ky. 1985), the Court explicitly relied on the rule of lenity in its determination. Then the General Assembly later amended KRS 500.080, which defines the term "dangerous instrument" as used in the Kentucky Penal Code, as "any instrument, including parts of the human body when a serious physical injury is a direct result of the use of that part of the human body."

We have since interpreted the revised KRS 500.080(3) in conjunction with KRS 508.010 to include situations when an adult severely injures a child with nothing more than their hands, by beating, squeezing, and dropping the child. *See Johnson v. Commonwealth*, 926 S.W.2d 463, 465 (Ky. App. 1996), citing *Cooper v. Commonwealth*, 569 S.W.2d 668 (Ky. 1978), that the inclusion of parts of the human body as dangerous instruments depends on the facts of the case and the capability of the body part "causing death or serious physical injury." While hands and feet are not deadly weapons *per se*, such instrumentalities are to be regarded as within the term "deadly weapon" only when used in such manner and in such circumstances as are reasonably calculated to produce death. *Vogg v. Commonwealth*, 214 S.W.2d 86 (1948). There are many cases in which people were killed by choking or kicking or stomping. *Id*.

Price used his feet to repeatedly kick the victim in the ribs, face, and head until he was unconscious, causing permanent facial deformity with partial loss of the use of his mouth. Such use of the feet, causing serious physical injury, constitutes a dangerous instrument under KRS 508.010(1)(a).

We revisit the implied unanimity claim briefly. Given the nature of the beating, Price could have intended to cause a serious physical injury with his hands and feet. But he may also have acted wantonly because he only intended to temporarily disable the victim and perhaps cause simple injury but instead actually caused serious physical injury. *See Buchanan v. Commonwealth*, 399 S.W.3d 436, 442-43 (Ky. App. 2012). As to the robbery, a jury could believe that Price intended to steal the wallet, regardless of his state of mind for the separate crime of assault. There was no error in instructing the jury on both intent and wanton states of mind for the assault and no error in the jury finding intent with the robbery and potentially believing a wanton state of mind for the assault.

There being no merit to the underlying claims Price repeatedly makes, his claims of IAAC are also without merit. Appellate counsel has no obligation to raise meritless claims on appeal. Indeed, counsel is prohibited from making meritless claims by the Rules of Professional Conduct. And doing so may put counsel at risk of CR 11 sanctions by the court.

Price has asserted claims which were or should have been addressed in his many prior motions and actions. The law does not permit this. He has also filed non-compliant briefs. He should not be permitted to file more motions and appeals for free. The circuit court is hereby instructed to enter an order denying Price's future requests to proceed *in forma pauperis* regarding this case.

**CONCLUSION**

The circuit court did not abuse its discretion when it denied Price's Motion for Relief under RCr 11.42 and CR 60.02 without an evidentiary hearing. The Kenton Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Randall Price, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky